The NORTHERN ASSURANCE COMPA-
NY OF AMERICA, Appellant,

v.

Joe B. TAYLOR, Appellee.

No. 8357.

Court of Civil Appeals of Texas,
Texarkana.

Aug. 31, 1976.

Rehearing Denied Sept. 28, 1976.

Howard Waldrop, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

George L. McWilliams, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, Royce Weisenberger, Jr., Autrey & Weisenberger, Texarkana, Ark., for appellee.

RAY, Justice.

This is a workmen's compensation case. Upon trial to a jury, judgment was rendered in favor of appellee, Joe B. Taylor, against appellant, The Northern Assurance Company of America, for total and permanent benefits under the Texas Workmen's Compensation Act. The judgment was based upon the general provisions of the Act, since the jury findings of a hernia injury under Tex.Rev.Civ.Stat.Ann. art. 8306, Sec. 12b were followed by additional jury findings that the hernia operation was successful but that appellee was totally and permanently disabled.

Appellant submits five points of error for our consideration.

Appellee Taylor was employed by Buchanan Bottling Company in 1968 and worked in various capacities involved in the delivery and sale of soft drinks bottled by his employer. On October 29, 1971, while in the course of his employment, he sustained a hernia injury which was surgically repaired. He returned to work and after a period of light duty he began to perform his regular duties. In March 1973, while assisting in the delivery of drinks, appellee sustained a second hernia which was again surgically repaired. He again returned to work, successfully performed his job of lifting and setting up displays and moving bottles, until October 4, 1973. On that date, he had been out in the company pickup truck setting up drink racks and had returned to the company parking lot. As he dismounted the truck and put his left foot down on the pavement, he was struck by a sharp pain. He examined himself and found a knot or bulge in his groin which was determined to be a hernia. He was again hospitalized and the hernia surgically repaired. However, on this occasion his physician attempted repair of the hernia by

use of Marlex fiber screen which was sewn into the fascia because of the lack of sufficient tissue to close the herniation. Dr. Kittrell, the treating physician, testified that Mr. Taylor would never again be able to do any heavy work.

In response to special issues, the jury found the following: (1) that on October 4, 1973, Joe Taylor received an accidental injury that resulted in a hernia; (2) that the injury was received in the course and scope of his employment by Buchanan Bottling Company; (3) that the hernia appeared suddenly and immediately following the injury; (4) that such protrusion of the intestines did not exist in any degree before such injury of October 4, 1973; (5) that the injury resulting in the hernia was accompanied by pain; (6) that the operation performed as a result of the hernia was not successful; (7) that Joe Taylor was totally and permanently disabled; and (8) that the previous hernia injury of October 1971 did not contribute to his incapacity.

■ Appellant attacks in its first two points of error the jury finding of an accidental injury in the course and scope of employment, contending that the appellee has failed to prove an "accidental" injury traceable to a definite time, place and cause.

"There is nothing in the Workmen's Compensation Act which requires that the injury be the result of an accident. Tex. Rev.Civ.Stat. art. 8306."

*Aetna Insurance Company v. Hart,* 315 S.W.2d 169 (Tex.Civ.App. Houston-1st Dist. 1958, writ ref'd n. r. e.); *Home Insurance Company v. Burkhalter,* 473 S.W.2d 318 (Tex.Civ.App. Texarkana 1971, no writ). However, our Supreme Court insists that for an injury to be compensable, the injury must have resulted from an undesigned, untoward event traceable to a definite time, place and cause. *Olson v. Hartford Accident and Indemnity Co.,* 477 S.W.2d 859 (Tex.1972).

In the instant case, the time and place of the injury are undisputed. The "cause" is rigorously disputed.

The Supreme Court stated in *Bailey v. American General Insurance Company*, 154 Tex. 430, 279 S.W.2d 315, 318 (1955) the following:

"In determining the meaning of the definition of injury contained in the Workmen's Compensation Statute, Vernon's Ann.Civ.St., art. 8306, et seq., the Court should be guided by the often announced rule of construction in reference to this statute, that since it is 'remedial', 'if there be any reasonable doubt which may arise in a particular case as to the right of the injured employee to compensation, same should be resolved in favor of such right.' *Jones v. Texas Indemnity Ins. Co.*, Tex.Civ.App.1949, 223 S.W.2d 286, 288, writ refused."

Article 8306, Sec. 20 provides the following definition:

"Wherever the terms 'injury' or 'personal injury' are used in the Workmen's Compensation Law of this state, such terms shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom. . . ."

■ The question in this case narrows itself to whether or not the hernia was in any way job related. An employee in such physical condition as to have the propensity for an injury is not covered by workmen's compensation insurance if the injury manifests itself while he is on the job with nothing more happening. The legislature has not provided health insurance. However, if the injury is job related and there is any probative evidence of that fact, then the sufficiency of the evidence is a question for the jury. Here, the problem is one of proof of causal connection between a job connected occurrence and the employee's disability. Was Appellee's raising up out of the seat with the left foot down on the pavement to dismount the pickup truck a producing cause of the hernia and total and permanent incapacity?

It is clear from the evidence that Appellee Taylor suffered from a weakened physical condition which made him susceptible to incurring a hernia. There was sufficient evidence to conclude that appellee did not have a "hernia" as that term is defined in the workmen's compensation act, when he got into the pickup truck on the day in question. There is evidence that as he raised up out of the seat to get out of the truck that he suffered a sharp pain. Further, there is evidence that immediately following the sharp pain appellee discovered a knot or bulge in the area of his groin which was diagnosed as a hernia.

There is no *medical* testimony that the raising up out of the seat in all reasonable medical probability precipitated the ensuing hernia.

■ A part of the duties required of Appellee Taylor was to get in and out of trucks. On October 4, 1973, appellee, while in the furtherance of his employer's business raised up out of the seat to get out of the company pickup truck. As he made that movement, however slight the strain may have been, the appellee immediately felt a sharp pain. The hernia appeared suddenly and immediately following the injury. There was evidence that the hernia did not exist in any degree prior to the time that appellee raised up out of the seat. While there is no definite medical proof of the mechanical process by which the physical structure of the body was damaged, it is reasonable, under the circumstances of appellee's poor structural anatomy, to believe that the strain of raising up to get out of the pickup, ever so slight as it might have been, did precipitate the physical failure or harm to the employee while in the furtherment of the business of his employer. We think the circumstantial evidence was sufficient to require the trial court to submit the issue of causation to the jury for their determination of compensable injury. We also think the jury was entitled to conclude, based upon the totality of the evidence in the case, that the injury was job related. As a matter of public policy enunciated by the legislature in the workmen's compensation act, we believe it our duty to resolve any reasonable doubt as to whether the injured employee is entitled to compensation, in favor of the employee's right to

recover. In giving liberal construction to the workmen's compensation act, we believe that juries should be entitled to decide causation with or without medical testimony in areas of common experience. This is such a case. We conclude that the appellee made out a prima facie case for the jury without medical testimony on the issue of causation. We hold that under the facts and circumstances of this case where there was no medical testimony as to causation, that the common experience and knowledge of the jury was sufficient to determine the probability of causation. Appellant's first and second points of error are overruled. *Insurance Company of North America v. Kneten,* 440 S.W.2d 52 (Tex.1969).

■ In appellant's points of error three, four and five, it is urged that appellee's hernia existed in some degree prior to October 4, 1973. While the physician testified that he did not feel that the first two surgeries were successful, he also testified there was no evidence of any protrusion of the intestine through the opening in the wall of the cavity in which it is contained. The appellee himself testified that he did not have any bulge or protrusion in the area of the groin in any degree before the injury of October 4, 1973, following the previous surgery. It is our opinion that the jury was justified in concluding that the hernia did not exist in any degree prior to the injury for which compensation was sought. *Lewis v. American Surety Company,* 143 Tex. 286, 184 S.W.2d 137, 139 (1944). Appellant's points of error three, four and five are overruled.

The judgment of the trial court is affirmed.