The AETNA CASUALTY AND SURETY COMPANY, Appellant,

v.

Ben O. SHREVE, Appellee.

No. 16796.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 14, 1977.

Fulbright & Jaworski, Charles W. Hurd, III, Houston, for appellant.

Powell, Tucker & Tucker, Paul A. Tucker, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from the judgment entered in a workmen's compensation case awarding Ben O. Shreve compensation for partial permanent incapacity and medical expenses. We affirm.

The Aetna Casualty and Surety Company will be referred to herein as defendant, and Ben O. Shreve will be referred to as plaintiff. The jury found that plaintiff sustained an accidental injury in the course of his employment and also found that he incurred an occupational disease in the course of his employment. With respect to the occupational disease finding the jury also found that 75% of the incapacity "found in answer to issue No. 2" was contributed by his employment. Special Issue No. 2 inquired as to whether the plaintiff incurred an occupational disease. In answer to Special Issues 3 and 8 the jury found that the accidental injury or occupational disease resulted in partial permanent incapacity beginning on October 11, 1974. The defendant contends that the answers made by the jury to the issue on accidental injury and the issue on occupational disease are in irreconcilable conflict because the findings on occupational disease would require a judgment for a lesser amount then would the findings on accidental injury.

It appears that the trial court rendered judgment for a total of three hundred weeks compensation at $70.00 per week based on the findings to the accidental injury issues. It disregarded as immaterial the findings of occupational disease which would have authorized a judgment for only three-fourths of the amount awarded because the jury found that only three-fourths of the incapacity suffered by the plaintiff was contributed by his employment.

There is no attack on the sufficiency of the evidence to support the answers made by the jury to the injury issue or to the occupational disease issue.

Section 22, Art. 8306, V.A.C.S., provides that where an occupational disease is not the sole cause of incapacity, the number of weeks of compensation shall be reduced to such proportion as the occupational disease bears to all other causative factors. No such reduction is made if the incapacity is a result of an accidental injury.

There was no objection to the definition of the term "occupational disease" which was given to the jury. This definition included the statement:

". . . An occupational disease shall also include damage or harm to the physical structure of the body occurring as the result of repetitious physical traumatic activities extending over a period of time and arising in the course of employment; provided, that the date of the cumulative injury shall be the date disability was caused thereby."

No definition of the term "accidental injury" was included in the court's charge. A definition of injury was included and reads:

"damage or harm to the physical structure of the body and such disease or infection as naturally result therefrom, or the incitement, acceleration, or aggravation of any disease, infirmity, or condition, previously or subsequently existing, by reason of such damage or harm."

There is a distinction between an accidental injury and an occupational disease. An industrial accident can always be traced to a definite time, place and cause, whereas an industrial disease is a slow and gradual development, and the time, place and cause thereof are not susceptible of definite ascertainment. *Solomon v. Massa-*

chusetts Bonding and Insurance Co., 347 S.W.2d 17 (Tex.Civ.App.—San Antonio 1961, writ ref'd); *Hartford Accident and Indemnity Co. v. McFarland*, 433 S.W.2d 534 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.). To establish "accidental injury" there must be proof of an undesigned, untoward event traceable to a definite time, place, and cause. *Olson v. Hartford Accident and Indemnity Company*, 477 S.W.2d 859 (Tex.1972).

There is evidence that on October 11, 1974 while the plaintiff was in the course of his employment he was drenched with a diluted acid solution. The day before this incident he was able to and did work seventeen hours and he had already worked eight hours prior to the incident on October 11. Within a few days after the incident he was unable to walk short distances without getting out of breath. Deep breathing caused him to suffer pain in his lungs. There was medical testimony that he had suffered some inhalation damage to his lungs which resulted in chronic obstructive lung disease.

■ Apparent conflicts in jury findings should be reconciled if it can reasonably be done in light of the pleadings and the evidence, the manner in which the issues were submitted, and in view of the other findings when considered as a whole. *Perkins v. Mitchell*, 153 Tex. 368, 268 S.W.2d 907 (1954).

■ The jury might have determined that during the six months prior to October 11, 1974, the plaintiff suffered damage or harm to his lungs occurring as the result of repetitious physical traumatic activities, and that the accidental injury to his lungs which he received on October 11, aggravated or accelerated the condition resulting in permanent partial disability. The fact that Shreve may have suffered from an occupational disease prior to October 11 does not prevent him from recovering for an accidental injury which aggravated the condition if the pre-existing condition was not disabling prior to the accident. *Texas Employers Insurance Association v. Bradford*, 381 S.W.2d 234 (Tex.Civ.App.—Beaumont 1964, writ ref'd n. r. e.).

Art. 8306 V.A.C.S. contains this provision: "where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; . . ."

Section 20 of Art. 8306, supra, provides: "wherever the terms 'injury' or 'personal injury' are used in the workman's compensation laws of this state, such terms shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom. The terms 'injury' or 'personal injury' shall also be construed to mean and include 'occupational diseases', as hereinafter defined. . . ."

■ Where the findings of the jury will support a judgment for the claimant to workmen's compensation based on general injury and occupational disease he is entitled to receive compensation only for the injury which produces the longest period of incapacity. In this case that is the general injury. *McCartney v. Aetna Casualty & Surety Company*, 362 S.W.2d 838 (Tex. 1962); *Texas General Indemnity Company v. Scott*, 152 Tex. 1, 253 S.W.2d 651 (1952).

■ In Special Issue No. 1 the court asked the jury to determine whether or not the plaintiff sustained an "accidental injury". The charge contained the definition of the term "injury", but there was no definition of the term "accident" or the term "accidental injury". The defendant objected to the definition of the term "injury" because "it does not restrict an accidental injury to an event traceable to a definite time, place and cause." The defendant failed to submit a definition of the term "accidental injury" or an explanatory instruction incorporating the desired language. The failure to define the term is not reversible error. Rule 279, Tex.R.Civ.P.

On the day of the trial, the defendant filed a motion in limine seeking to prevent the plaintiff from reading that portion of

the petition which referred to the contract for attorney's fees. The motion stated:

"Defendant here now admits and agrees that manifest hardship and injustice will result to the plaintiff if the compensation is not paid to plaintiff in a lump sum in the event that the jury should find him disabled, or partially and permanently disabled, and admits and agrees that any compensation awarded plaintiff for total and permanent disability or partial and permanent disability will be paid to him in a lump sum, first allowing the statutory discount for present payment."

While the plaintiff was reading his petition an objection was made to the reading of "Paragraph XVI" on the ground that it was irrelevant and immaterial. The court overruled the objection. The plaintiff then read that part of his pleading referring to the attorney's fees. The plaintiff had alleged that manifest hardship would result unless compensation was paid in a lump sum and further had alleged that he was entitled to accelerated payments as provided in section 15a of Art. 8306, supra.

The admission made by the defendant in his pleading would be construed to be effective only if the jury should find the plaintiff either totally or permanently disabled, or partially and permanently disabled. The defendant did not unequivocally agree or concede that the evidence would sustain the award of a lump sum recovery where the disability was not permanent. The parties did not agree on the necessity for accelerated payments. Where the issue of a lump sum award must be submitted to the jury for a decision, the element of attorney's fees is properly to be considered by it on that issue. *Texas Employers Ins. Ass'n v. Hatton*, 152 Tex. 199, 255 S.W.2d 848 (1953). The court did not err in permitting the plaintiff to read the pleadings regarding attorney's fees.

■ The defendant complains of misconduct on the part of plaintiff's attorney in mentioning the statutory 4% discount in jury argument. The record reflects that when the objection was made the trial court made a comment, but did not rule on the objection. The plaintiff's attorney proceeded with his argument without further discussion of the discount. Since there was no ruling on the objection and no request for an instruction for the jury to disregard the objectionable matter, no reversible error is presented. *Maston v. Texas Employers' Insurance Ass'n*, 160 Tex. 439, 331 S.W.2d 907 (1960).

Dr. Behr, a physician who was treating the plaintiff, testified that smoking was harmful and makes a person more susceptible to lung injury. He stated that he told the plaintiff to quit smoking. The plaintiff testified that the doctor said "in the shape your lungs are in, yes, it would be very wise for you to quit smoking." There is no evidence that the plaintiff was told his recovery would be retarded or imperiled if he continued smoking.

■ The defendant complains of the trial court's refusal to submit issues on (1) whether Dr. Behr advised appellee to quit smoking on or about November 13, 1974; (2) whether appellee persisted in smoking; (3) whether such conduct was the sole cause of his incapacity after November 13, 1974; (4) whether such conduct contributed to his incapacity; and (5) what percentage did his conduct contribute to his incapacity since November 13, 1974. Defendant contends that these issues embodied the defensive theories set forth in Art. 8307 § 4, V.A.C.S. reading

"If any employee shall persist in insanitary or injurious practices which tend to either imperil or retard his recovery . . . the Board may in its discretion order or direct the association to reduce or suspend the compensation of any such injured employee."

■ Before an insurer is entitled to the submission of special issues under Art. 8307 § 4, it must allege and prove a request to and a refusal by the claimant to refrain from the practice which it contends to be injurious. *Millers Mutual Fire Ins. Co. of Texas v. Gilbert*, 462 S.W.2d 112 (Tex.Civ. App.—Beaumont 1970, writ ref'd n. r. e.); *Texas Employers' Insurance Ass'n v. Gallo-*

*way,* 40 S.W.2d 973 (Tex.Civ.App.—Austin 1931, no writ). In addition the insurer must allege and prove not only that the claimant was advised to refrain from the injurious practices, but also that his recovery would be hampered, imperiled or retarded if he failed to do so. *Utica Mutual Insurance Company v. Ritchie,* 500 S.W.2d 879 (Tex. Civ.App.—Houston [1st] 1973, no writ); *Argonaut Underwriters Insurance Co. v. Byerly,* 329 S.W.2d 937 (Tex.Civ.App.—Beaumont 1959, writ ref'd n. r. e.).

The points of error raised by the defendant in its brief not specifically mentioned have been examined and are considered to have been answered in the discussion of other points. No reversible error is shown.

Affirmed.