FIDELITY & GUARANTY INSURANCE
UNDERWRITERS, INC., Appellant,

v.

Michelle La ROCHELLE, Appellee.

No. 19830.

Court of Civil Appeals of Texas,
Dallas.

Aug. 28, 1979.

Rehearing Denied Oct. 2, 1979.

C. Edward Fowler, Jr., Milam Randolph Pharo, Bailey, Williams, Westfall, Lee & Fowler, Dallas, for appellant.

John T. McCully, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

Appellee Michelle La Rochelle sued appellant Fidelity & Guaranty Insurance Underwriters, Inc. on a worker's compensation claim. Trial was to a jury which found in favor of the insured employee-appellee, and judgment was rendered on the verdict for her. On appeal, appellant asserts that a special issue concerning injury was not a correct issue, that appellee was not in the course of her employment and that there was no causal connection between the act and the injury. We hold that the special issue submitted by the trial court was not proper, but overrule appellant's other contentions, and, accordingly, we reverse and remand.

The record reflects that nine months before the injury claimed in the present case appellee injured her lower back while working for a different employer. Appellee's injury was diagnosed as a protruding disc. Although surgery was suggested, she opted for several months bed rest and later returned to work. In July of 1976, appellee became an employee of Del-Mar Scientifics, Inc., where she built monitors and detectors for hydrogen-sulfide gas. A ping-pong table was available to the employees for recreation during lunch and various other work breaks during the day. On November 8, 1976, during an afternoon work break, appellee engaged in a game of ping pong in the building next to the one in which she worked, but on her employer's premises. Shortly after the game, she experienced pain in her lower back. Appellee was again treated for a disc condition and this time underwent surgery. During the course of the operation, a degenerated disc condition was discovered, two discs were removed and a fusion was performed. Appellee initially filed a group-health insurance claim with Del-Mar's insurance carrier and a worker's compensation claim against her former employer, contending that the disc condition was the result of the earlier injury in February 1976. Appellee later filed this worker's compensation suit against Del-Mar and appellant, claiming that she had sustained an "accidental" injury during the course of her employment as a result of the November 8, 1976 ping pong game.

■ Appellant contends that the trial court erred in submitting special issue no. 1 which stated:

Do you find from a preponderance of the evidence that Michelle La Rochelle received an injury on or about November 8, 1976? "Injury" means damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom or the incitement, acceleration or aggravation of any disease, infirmity or condition previously or subsequently existing by reason of such damage or harm.

Appellant objected to the submission of this issue on the ground that it failed to inquire as to whether appellee received an "accidental" injury. A proposed special issue asking whether appellee's injury was accidental and containing a definition of accident was submitted by appellant to the court. The trial court overruled the appellant's objection and refused to submit its proposed special issue and its instruction defining "accidental" injury, which are as follows:

Do you find from a preponderance of the evidence that MICHELLE LA ROCHELLE received an accidental injury on or about November 19, 1976? Answer: "We do," or "We do not." In connection with this Special Issue, you are instructed that "Accidental" means an undesigned or unexpected occurrence, traceable to a definite time and place.

We conclude that *Olson v. Hartford Accident and Indemnity Co.*, 477 S.W.2d 859 (Tex.1972) is controlling; consequently, we hold that the trial court erred in refusing to submit appellant's proposed special issue and instruction. In *Olson,* the supreme

court stated that to have an accidental injury there must be an undesigned, untoward event traceable to a definite time, place and cause. The cases that have followed *Olson* hold that the proper issue to submit is one inquiring whether the injury was accidental and should include a definition of "accidental." *See Hartford Accident & Indemnity Co. v. Contreras,* 498 S.W.2d 419 (Tex.Civ. App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.); *Northern Assurance Co. of America v. Taylor,* 540 S.W.2d 832 (Tex.Civ.App.— Texarkana 1976, writ ref'd n. r. e.); *Select Insurance Co. v. Patton,* 506 S.W.2d 677 (Tex.Civ.App.—Amarillo 1974, no writ); *Aetna Casualty and Surety Co. v. Shreve,* 551 S.W.2d 79 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). Appellee argues, nevertheless, that the Worker's Compensation Act does not require an injury to be accidental in origin and cites *Aetna Insurance Co. v. Hart,* 315 S.W.2d 169, 172 (Tex. Civ.App.—Houston 1958, writ ref'd n. r. e.), which states: "[T]hough many cases speak of an 'accidental' injury, there is nothing in the Worker's Compensation Act which requires that the injury be the result of an accident." In view of the supreme court's later decision in *Olson,* we do not regard *Hart* as authoritative on this question. As we stated in *Ward · v. Charter Oak Fire Insurance Co.,* 567 S.W.2d 934, 936 (Tex.Civ. App.–Dallas 1978), *rev'd on other grounds,* 579 S.W.2d 909 (Tex.1979), we are bound by the supreme court authority, and as an intermediate appellate court, we must defer to its judgment, although, in our opinion, this is an extraordinarily harsh result and places an additional burden on a claimant, not contemplated by the spirit of the Act. In this respect, the cases are legion that require the Act to be construed liberally so as to effectuate the beneficial purpose for which it was enacted. *Brantley v. Phoenix Insurance Co.,* 536 S.W.2d 72 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd).

Since we have held that the trial judge erred in refusing appellant's special issue and have reversed and remanded for another trial, we must also address appellant's other points because if they have merit we would render judgment rather than re-

mand. In this respect, appellant challenges the jury's finding that the injury occurred within the course of the employee's employment as not being supported by the evidence. We disagree. Tex.Rev.Civ.Stat. Ann. art. 8309, § 1(4) (Vernon 1967) defines "compensable injury" to include:

> All other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere.

The question presented here is whether playing ping pong is an activity "having to do with and originating in the employer's business."

■ We conclude that a fact issue on this question is presented under the opinion of this court in *Clevenger v. Liberty Mutual Ins. Co.,* 396 S.W.2d 174 (Tex.Civ.App.— Dallas 1965, writ ref'd n. r. e.). In that case the plaintiff sustained injuries while playing baseball at a company-sponsored picnic held at a location away from the employer's premises. At trial, the trial court sustained the defendant's motion for instructed verdict holding that the plaintiff was not within the course of his employment at the time of the injury. This court reversed and remanded, stating that the evidence was sufficient to submit an issue to the jury on whether the plaintiff sustained injuries while acting within the course of his employment. This court, quoting with approval Professor Larson in his treatise on Workmen's Compensation, stated the rule: "Recreational or social activities are within the course of employment when (1) they occur on the premises during a lunch or recreation period as a regular incident to the employment . . . ." 396 S.W.2d at 182. Here, appellee's employer Del-Mar gave its employees permission to play ping pong on the premises. The employer regulated where the ping pong table was placed and the times during which the employees could play. Ping pong games occurred regularly. We hold that these facts are suffi-

cient to satisfy the definition of the course of employment approved by this court in *Clevenger* and, thus, the evidence is sufficient to support the jury's finding that the injury occurred in the course of employment.

A factually similar case was before the Supreme Court of Connecticut in *McNamara v. Town of Hamden,* —— Conn. ——, 398 A.2d 1161 (Conn.1979). In *McNamara,* plaintiff's injuries occurred while he was engaged in a customary and permitted game of ping pong on the employer's premises prior to the appointed hour for the start of the work day, using equipment purchased by the employees. The court held that when determining whether the activity is incidental to the employment, the following rule should be applied: "If the activity is regularly engaged in on the employer's premises within the period of employment with the employer's approval or acquiescence, an injury occurring under those conditions shall be found to be compensable." The Connecticut court found that the plaintiff had been injured in the course and scope of his employment. In language directly applicable to the present case, that court stated:

> The employer sanctioned the games by regulating the permitted playing times by allowing the equipment on the premises, and by setting aside actual work hours in the afternoon for the activity. The games occurred regularly on the premises of the employer. Those facts constitute a sufficient basis on which to conclude that the games were an incident of the employment under the test we now adopt. 398 A.2d at 1166.

We turn now to appellant's final contention that a causal connection between the act and the injury must be shown and that such connection can only be demonstrated by expert medical testimony, citing *Parker v. Employers Mutual Liability Insurance Company,* 440 S.W.2d 43 (Tex.1969). In *Parker,* the court stated that expert medical testimony of a reasonable probability of a causal connection between an act and an injury is sufficient to submit the plaintiff's issues to the jury. *Parker* does not stand for the proposition that expert medical testimony is required in worker's compensation cases to show injury. The courts of this state have long recognized that the opinion of an expert is not conclusive and is not necessary except where matters of scientific fact can be proved only by experts with scientific knowledge. *Maryland Casualty Company v. Davis,* 464 S.W.2d 433 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.); *Angelina Casualty Company v. Spencer,* 310 S.W.2d 682, 685 (Tex. Civ.App.—Beaumont 1958, writ ref'd n. r. e.). The factual testimony of a claimant alone can support a finding of disability even though this evidence may be contradicted by the testimony of medical experts. *Hartford Accident & Indemnity Co. v. Williams,* 516 S.W.2d 425 (Tex.Civ.App.— Amarillo 1974, writ ref'd n. r. e.). Generally, the jury should be entitled to decide causation with or without medical testimony in areas of common experience. *Northern Assurance Company of America v. Taylor,* 540 S.W.2d 832 (Tex.Civ.App.—Texarkana 1976, writ ref'd n. r. e.). We hold, in light of the evidence as to causation, that the common experience and knowledge of the jury was sufficient for it to determine the issue of injury.

Texas case law supports our holding. In *Northwestern National Insurance Company v. Kirchoff,* 427 S.W.2d 638 (Tex.Civ.App.— Houston [14th Dist.] 1968, no writ), the jury found that the plaintiff had sustained an accidental injury to his back. The record reflected that the plaintiff had suffered a similar injury some eighteen months earlier and had undergone unsuccessful back fusion surgery. In his pleadings, plaintiff alleged that he had injured his back when lifting a carton and that the fusion had broken loose. At trial the only medical expert to testify was plaintiff's surgeon. He stated that no breaking loose of any fusion had occurred because no fusion had resulted from the prior surgery. He also testified that even had a fusion been successful following the operation, the lifting of a carton would not have caused the breaking loose of a fusion. The defendant

argued that whether the fusion occurred and was subsequently broken was a question that could be answered only by the testimony of a medical expert. The court held, however, that the plaintiff's testimony that he was injured was sufficient to support the jury's finding. The court stated: "The plaintiff was not required to prove the mechanical process by which the physical structure of his body was damaged or harmed, nor, having made that evidentiary allegation, was he confined or limited to proving that his general injury to his back was so brought about." 427 S.W.2d at 641.

Likewise, in *American General Insurance Company v. Smith,* 163 S.W.2d 849 (Tex. Civ.App.—San Antonio 1942, writ ref'd), the only testimony of a back injury was given by the plaintiff. Arguing that the evidence was not sufficient to support the jury's findings of accidental injury, the defendant sought reversal. In rejecting this contention the court stated: "The testimony . . . is sufficient to support the jury finding that Smith sustained an accidental injury. The fact that it comes from the injured party alone does not prevent it from having probative force if given credit by the jury." 163 S.W.2d at 850.

■ *Texas General Indemnity Company v. Bledsoe,* 344 S.W.2d 527 (Tex.Civ.App.— San Antonio 1961, writ ref'd n. r. e.) also concerned a back injury. In that case, the defendant challenged the jury's finding of accidental injury as not being supported by the evidence. The record reflected that the plaintiff threw a "kink" in his back while working one day, but continued to work the rest of that day and the next before telling anyone. The plaintiff also had a history of back problems. Yet the court held that the evidence was sufficient to support the jury's findings. These cases all stand for the proposition that whether a person has injured his back is a question that the jury by its own experience and knowledge can answer.

Reversed and remanded.

CARVER, Justice, dissenting.

I dissent. My colleagues correctly decided that an issue and definition of "accidental injury" was required by the pleadings and the evidence and reversed the trial court judgment for their absence.

I am convinced, however, that my colleagues erred in further holding that a ping-pong game, merely permitted or tolerated by an employer at work breaks, was a setting in which an injury (if any) could be labeled as "having to do with and originating in the work, business, trade or profession of the employee" or was received by an employee "while engaged in or about the furtherance of the affairs or business of his employer" as required by our Compensation Act Tex.Rev.Civ.Stat.Ann. art. 8309 § 1(4) (Vernon 1967). My colleagues rely on a text, Larson's "Workman's Compensation" whose author honestly footnotes a difference of opinion in other jurisdictions while expressing his own opinion in the text. The author does not rest his opinion on Texas cases nor can my colleagues. *Clevenger v. Liberty Mutual Ins. Co.,* 396 S.W.2d 174 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.), relied upon by my colleagues, involved a company picnic case at which attendance (and playing baseball out of which the injury arose) was so strongly urged by Clevenger's superiors that he feared for his job if he didn't attend and play ball. Judge Williams' opinion correctly held the employer had *intentionally* made the picnic a part of Clevenger's job and thus its risks were covered under the Compensation Act. Judge Williams' quote from the Larson text, more broad than the facts before him, is not to be deemed binding on this court. Correctly assessed, *Clevenger* supports a conclusion that recreation (and its risks) are not a part of the job unless *the employer makes it so.* This test has been consistently applied in Texas. In *Campbell v. Liberty Mutual Ins. Co.,* 378 S.W.2d 354 (Tex.Civ.App.—Eastland 1964, writ ref'd n. r. e.), the employer *did not* make a company picnic compulsory, or useful to some business purpose, but merely invited attendance at the employee's choice; thus, an employee's death by drowning while at the picnic was not cover-

**498**

ed by the Compensation Act. In *Employer's Mutual Liab. Ins. of Wis. v. Sanderfer,* 382 S.W.2d 144 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.), the employer *did* make a recreational hunting trip a part of the job when he sent an employee to a hunting lodge to mingle with customers and prospective customers of the employer; thus, the employee's accident was covered by the Compensation Act. In *Southern Cas. Co. v. Ehlers,* 14 S.W.2d 111 (Tex.Civ. App.—San Antonio 1929, no writ), the employer *did not* make going to a dance or being injured in departing therefrom a part of the job of delivering a sold car to a distant town; thus, the Compensation Act did not apply. The foregoing cases are all the Texas authorities found in point and this court is not, in my opinion, free to disregard them for a text dependent upon authorities in foreign jurisdictions. I would hold that recreation chosen by an employee, at any location, merely permitted or tolerated by the employer, does not "have to do with" or "originate" in the work, trade or profession of the employer. Nor is an employee's injury, while engaged in recreation of his own choice, without compulsion by his employer, received "while engaged in or about the furtherance of the affairs or business of his employer."

I am also convinced that my colleagues erred in holding that the claimant, with only ordinary human experience, can prove an "injury" occurred when absolutely nothing happened from which an injury could ordinarily be inferred by the use of common sense and experience. This claimant during prior employment suffered a ruptured disc in February 1976 as diagnosed by objective medical tests. This same ruptured disc, and an adjacent degenerated disc, was confirmed and repaired by surgery in December 1976, yet the claimant, and only the claimant, testified that her disability related to a no-event ping-pong game in November 1976 at her current employment although surgery failed to reveal any injury but the February rupture. I would conclude that neither ordinary human experience nor common sense, supports the claimant's conclusion nor, in fact, the opposite

conclusion. I would deem that any conclusion as to the cause in fact of the disability of the claimant under these circumstances, could only be shown, if at all, by competent medical testimony as directed by our supreme court in *Parker v. Employers Mutual Liberty Insurance Company of Wisconsin,* 440 S.W.2d 43 (Tex.1969). A surgically confirmed single ruptured disc cannot support a claim against one employer in February and a second claim against a second employer in November.

Remand might be suitable in this case, if the only issues were directed to the correct proof on the cause of disability and a correct charge on accidental injury. However, retrial is not necessary to develop further the already sufficient facts compelling the exclusion of permissive recreational injury from coverage under our Compensation Act. I would reverse and render on the ground that accidental injury during work-break recreation, chosen by an employee and merely tolerated by the employer, is not a risk covered by our Compensation Act.