**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Jessie Mae HAYES, Appellee.**

**No. B14–82–431CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 2, 1983.

Stephen Perel, Stephen Perel & Associates, Houston, for appellant.

Malcolm Williams, Martin & Sperry, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

This is a worker's compensation case in which appellee was awarded death benefits under the Texas Worker's Compensation Statutes.

On the morning of March 22, 1980, appellee and her husband, Leroy Hayes, (hereinafter Hayes) drove from Bay City to Marine Lumber Company in Houston to pick up a load of lumber for Hayes's employer, E. & R. Lease Service Inc. Hayes was employed as a truck driver and was normally assisted by a helper in loading and securing lumber. On this morning he had no helper. The lumber was placed on the truck by a forklift. Hayes placed approximately eight thirty to forty pound cross pieces between the bundles of lumber to allow space for a forklift to later unload it. He then fastened two sixty pound chains to one side of the truck, threw them over the ten to twelve foot high stacks of lumber and fastened them on the other side of the truck. He then entered the offices of Marine Lumber Company, signed the invoice for the lumber, and then suffered his fatal heart attack.

At the trial, appellee testified that while Hayes was working, he began "sweating alot" and "breathing real heavy." She also noticed that it was very difficult for him to tighten the last chain. She further stated that he had not performed these physical duties "in a long time" and had not complained of any physical problems in the past. Charles Ray Carter, the forklift operator for Marine Lumber Company, stated that about halfway through the work, Hayes was exerting himself while placing the spacers between the stacks of lumber and while chaining the lumber down. He also stated that in the past, Leroy "always had a helper with him" to do the work.

James Watson, the man in charge of shipping and receiving at Marine Lumber Company, testified that Hayes had a helper with him a majority of the time and that the helper's responsibility included placing the cross pieces between the bundles of lumber and tying down the load. He also noted that although it was a cool day, he noticed unusually large beads of sweat on Hayes's forehead when he came in to sign the invoice. He stated that he looked sick.

Dr. Joseph Jachimczyk, chief medical examiner for Harris County, testified that Hayes suffered from heart conditions which included rheumatic mitral valvular stenosis and occlusive artereosclerosis. He further stated that the physical activity he performed on the day of his death "precipitated his fatal heart attack and thus accelerated his death."

Dr. Mark Entman testified that Leroy "died as a result of exercise induced strain super imposed on severe heart disease." He

stated that in his opinion the work activities Hayes performed that morning "aggravated and accelerated his preexisting heart condition and was a producing cause of his death."

Appellant brings five points of error. In the first, appellant contends the trial court "erred in submitting the case to the jury on a general injury definition rather than on an accidental injury definition because the issue, as submitted, failed to properly apprize the jury of the nature of the accident in question." We disagree.

The definition in question stated:

Injury means damage or harm to the physical structure of the body and any diseases naturally resulting, or the incitement, acceleration, or aggravation by any injury of any disease, infirmity or condition that already existed.

■ The testimony established that Hayes's heart attack was caused by pre-existing heart disease combined with the physical exertion he underwent while loading wood for his employer on the morning in question. It is well settled that a heart attack caused by strain or over exertion is an accidental injury to the physical structure of the body within the meaning of the Worker's Compensation Act. *Baird v. Texas Employer's Insurance Association,* 495 S.W.2d 207 (Tex.1973); *Henderson v. Traveler's Insurance Company,* 544 S.W.2d 649 (Tex.1976). The ultimate and controlling issue is whether the heart attack was caused by the work activities in question. The issue submitted by the trial court fairly submitted the ultimate issue in this case. *See, Western Casualty & Surety Company v. Dickie,* 609 S.W.2d 874 (Tex.Civ.App.— Waco 1980, writ ref'd n.r.e.). The failure to define the term "accidental injury" is not reversible error. *See, Aetna Casualty & Surety Company v. Shreve,* 551 S.W.2d 79 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

Although the proof must establish that the accident or occurrence is traceable to a definite time and place, there has never been a requirement that there be a jury finding of an accident or occurrence traceable to a definite time and place. *Continental Insurance Co., v. Marshall,* 506 S.W.2d 913 (Tex.Civ.App.—El Paso 1974, no writ). Appellant's first point of error is overruled.

■ In its second, third, fourth and fifth points of error, appellant contends there is no evidence that the deceased received an accidental injury in the course and scope of his employment, that the jury's answer to special issues one and two were against the great weight and preponderance of the evidence, and that there was insufficient evidence to support the jury's answers to special issues one and two. We disagree.

■ The evidence established that at the time appellee's husband had his heart attack he was working for his employer. There was also testimony that the activities he performed for his employer on that day aggravated his pre-existing heart condition and caused his heart attack. It is not required that the injury in the course of employment be the sole cause of disability or death in order to entitle the survivors to death benefits. A pre-disposing bodily infirmity will not preclude compensation. *Henderson v. Travelers Insurance Company,* 544 S.W.2d 649 (Tex.1976).

Special issue one asked:

Do you find that on March 22, 1980, the work activity performed by Hayes for E. & R. resulted in an injury to him?

Injury means damage or harm to the physical structure of the body and any disease naturally resulting, or the incitement, acceleration, or aggravation by any injury of any disease, infirmity, or condition that already existed.

Special issue two asked:

Do you find that the injury was a producing cause of the death of Hayes?

"Producing cause" means an injury or condition which, either independently or together with one or more other injuries or conditions, results in death, and without which injury death would not have occurred when it did.

There may be more than one producing cause, but there can only be one sole cause. If an injury or condition was the sole cause of death, then no other injury or condition could have been a producing cause.

Both Dr. Jachimczyk and Dr. Entman testified that the physical activity Hayes performed on the day of his death aggravated his pre-existing heart condition and accelerated his death. We find the evidence sufficient to support the jury's answers to special issues one and two. Appellant's second, third, and fourth points of error are overruled.

In its fifth point of error, appellant contends the district court "erred in refusing appellant's requested special issues and instructions on occupational disease, pre-existing heart conditions and the percentage of disability." He claims that such refusal denied appellant the right to have the jury properly determine its defensive issues and thus resulted in an improper judgment. Appellant argues that where an occupational disease is not the sole cause of incapacity, the compensation should be reduced "to such proportion as the occupational disease bears to all other causative factors."

■ The evidence established that Hayes's death occurred as a result of activities he performed on the morning of his death which aggravated a pre-existing heart condition. There was no evidence that Hayes's death was caused by repetitious physical activity occurring over a period of time. There was, therefore, no evidence that Hayes's death was the result of an occupational disease. The trial court did not err in refusing to submit defensive issues on occupational disease. Appellant's fifth point of error is overruled.

■ Appellee, in a cross point, contends that the court of appeals should award ten percent damages against appellant because its appeal has been taken for delay and there was insufficient cause for taking such appeal. A litigant's right to appeal should be carefully protected by the appellate courts. We do not find appel-lant's points of error to be so totally without merit as to warrant an award of damages to appellee because such appeal was taken. Appellee's cross point is overruled.

We affirm the judgment of the trial court.