**PANOLA JUNIOR COLLEGE, Appellant,**

v.

**The ESTATE OF Lois Lee THOMPSON, Deceased, Appellee.**

No. 9530.

Court of Appeals of Texas, Texarkana.

March 4, 1987.

Rehearing Denied March 31, 1987.

Kenzy D. Hallmark, Zeleskey, Cornelius, Rogers, Hallmark, Lufkin, for appellant.

Jim Ammerman, II, Marshall, for appellee.

BLEIL, Justice.

Panola Junior College appeals from a judgment on a jury verdict in favor of Lois Thompson[1] in a workers' compensation case. Panola raises issues regarding the sufficiency of the evidence and the propriety of the court's charge. We resolve these issues in favor of Thompson and affirm.

Thompson was employed by Panola on July 1, 1980, as director of the nursing program at the Oscar B. Jones School of Vocational Nursing. In July 1983, Thompson injured her back while moving boxes of books when the nursing program was

---

1. After judgment but pending the outcome of this appeal, Lois Thompson died. The Estate of Lois Lee Thompson, deceased, has been substituted as the appellee on appeal.

moved from one building to another. Thompson had experienced back problems before this injury. The problems began in 1945 and she received treatment for them in 1949. Ten years later, Thompson's back began bothering her again, and she received a spinal fusion as treatment. Around 1963, she had a second fusion. Thompson testified that throughout this entire period she had difficulty lifting or moving heavy objects.

Thompson testified that on July 1, 1983, while moving books and boxes in her office, she noticed a pain in her back. Before taking books off shelves she had no pain, but the act of shuffling the boxes around and digging down in them caused the pain to start.

Three of Thompson's students testified. One, Mary Riser, was in Thompson's office helping her move on July 1, 1983. Riser stated that at one point, Thompson pulled at the boxes, stopped and said that she was tired and had to stop. Riser also stated that Thompson said, "Oh, me, oh, my back" and sat down.

Her students testified that after the move, Thompson appeared to be in pain while teaching class, she had trouble standing up, and she taught from a chair, although she had formerly taught from a podium. Thompson did not consult a doctor until the following January when she was hospitalized for back pain and an infection. The jury found that Thompson had suffered an injury while working at the college, but that her prior injury in 1963 contributed 33⅓% to her present disability.

■ Panola alleges that there is no evidence or insufficient evidence to support the jury finding of an accidental injury traceable to a definite time, place and cause. The Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306 et seq. (Vernon 1967 & Supp.1987), does not require that the injury be the result of an accident, but the injury, to be compensable, must result from an undesigned, untoward event traceable to a definite time, place and cause. *Olson v. Hartford Accident and Indemnity Company*, 477 S.W.2d 859 (Tex.1972); *Northern Assur. Co. of Amer-*

*ica v. Taylor*, 540 S.W.2d 832 (Tex.Civ. App.–Texarkana 1976, writ ref'd n.r.e.).

■ Panola relies on *Olson*, stating that Thompson should not recover because she cannot trace her injury to a definite incident. In *Olson*, the claimant died of a heart attack, but had not been subjected to any particular physical strain or over-exertion. He had had three or four frustrating experiences over a seventeen-day period, but no attempt was made to connect any of these experiences to the heart attack.

Here, there was testimony from Thompson as well as from her students that her injury resulted from moving boxes on July 1, 1983. This is sufficiently definite to meet the requirements of the law; it has been held that an injury occurring over a three-day period sufficiently defined the requisite time, place and cause. *Texas Employers' Insurance Association v. Murphy*, 506 S.W.2d 312 (Tex.Civ.App.–Houston [1st Dist.] 1974, writ ref'd n.r.e.). The jury had sufficient evidence before it to conclude that Thompson's injury was traceable to a definite time, place and cause.

■ Panola further complains that the trial court did not submit an issue inquiring whether Thompson had suffered an "accidental" injury. It cites *Fidelity & Guaranty Insurance Underwriters, Inc. v. La Rochelle*, 587 S.W.2d 493 (Tex.Civ.App.– Dallas 1979, writ ref'd n.r.e.), for the holding that the proper issue to submit in a workers' compensation case is one which inquires whether the injury was accidental and includes a definition of the term "accidental." The court found that the failure to submit a proper issue over objection was reversible error. However, the failure to define the term "accidental injury" has also been held not to constitute reversible error. *Aetna Casualty and Surety Company v. Shreve*, 551 S.W.2d 79 (Tex.Civ.App.–Houston [1st Dist.] 1977, no writ).

2 State Bar of Texas, *Texas Pattern Jury Charges*, PJC 20.03 (1970), provides that because there is no statutory requirement that an injury be accidental, it is not normally necessary to submit an issue inquiring whether the injury resulted from

an accident. This provision is in accord with this Court's decision in *Northern Assur. Co. of America v. Taylor, supra,* and leads to a result similar to *Texas Employers' Ins. Ass'n v. Hayes,* 654 S.W.2d 804 (Tex.App.–Houston [14th Dist.] 1983, no writ). There, the court said that the ultimate issue was whether the injury, a heart attack, was caused by the work activities in question; thus, the issue submitted in that case, which is essentially identical to the issue here, fairly stated the controlling issue and was proper.

Panola's requested instruction would have informed the jury that an injury must be the result of an undesigned or unexpected occurrence, traceable to a definite time, place and cause. The charge as actually given defines the term "injury" as damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom, or from the incitement, acceleration, or aggravation of any disease, infirmity, or condition, previously or subsequently existing, by reason of such damage or harm. The charge then inquires whether Thompson received an injury on or about July 1, 1983, while on the job. The jury answered, "Yes."

The charge as given adequately expressed the requirement that the injury be traced to an occurrence at a specific time and place by specifying a job-related injury on or about July 1, 1983. *Continental Insurance Company v. Marshall,* 506 S.W.2d 913 (Tex.Civ.App.–El Paso 1974, no writ).

Panola further complains that the trial court erred in failing to instruct the jury on sole cause. Panola requested that the court instruct that any alleged injury of July 1, 1983, is not a producing cause of incapacity if the sole cause thereof was bodily conditions, infirmities, diseases or injury, or a combination thereof, existing independently of and having no connection with any alleged injury of July 1, 1983. "Producing cause" was defined in the charge as an injury or condition which, either independently or together with one or more injuries or conditions, results in

incapacity, and without which such incapacity would not have occurred when it did.

▮ Whether to instruct the jury on sole cause is within the discretion of the trial court. However, if evidence tends to establish sole cause, it is the trial court's duty to submit such explanatory instructions as are proper to enable the jury to reach a just verdict. *Charter Oak Fire Ins. Co. v. Taylor,* 658 S.W.2d 227 (Tex. App.–Houston [1st Dist.] 1983, no writ). The burden of proof on the issue of sole cause rests upon the employer. *Texas Employers Ins. Ass'n v. Page,* 553 S.W.2d 98 (Tex.1977). The only proof offered here to show sole cause is the testimony of Dr. Zum Brunnen, Thompson's doctor. He testified that the 1963 injury definitely contributed to her present disability. He said that he thought it was probably 85% of her total problem.

▮ The court submitted an instruction to the jury asking them to find the percentage of the disability that was caused by the 1963 injury. We find the submission of this issue to be within the trial court's discretion. It properly covered the issue of sole cause, since the jury could have found the prior injury to be the sole cause of the present disability by their answer to the comparative causation issue.

We affirm the trial court's judgment.