Affirmed and Memorandum Opinion filed August 17, 2004









Affirmed and Memorandum Opinion
filed August 17, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00626-CV

_______________

 

KEVIN LEWIS, Appellant

 

V.

 

RANDALL=S FOOD & DRUG, L.P., Appellee

_________________________________________________

 

On Appeal from the 152nd District Court

Harris County, Texas

Trial Court Cause No. 01‑50121

_________________________________________________

 

M E M O R A N D
U M   O P I N I O N

In this personal injury suit, appellant, Kevin Lewis, appeals
from a summary judgment in favor of appellee, Randall=s Food & Drug, L.P. (ARandalls@). 
Lewis contends that summary judgment was improperly granted because (1)
Randalls=s motion should have been treated as
a traditional motion for summary judgment, and Randalls failed to conclusively
disprove any element of appellant=s claim, and (2) he presented
sufficient evidence to defeat a no-evidence motion for summary judgment.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.








I. 
Background

In 1997, appellant began working for Randalls.  In January 1999, following an injury, his
doctor placed him on a modified work duty. 
On August 22, 2000, appellant was working as a truck loader at Randalls=s distribution center.  Appellant claims that he injured his back
while he was lifting a box of fish weighing between ninety and one-hundred
pounds.  According to appellant, he had
been instructed to immediately load the boxes, which were heavier than any
other boxes he had lifted before, and there were no other workers in the area
to help him lift them.  Appellant sued
Randalls, a non-subscriber to workers= compensation, claiming Randalls
breached its duty of care to him by (1) failing to observe federal lifting
standards, (2) requiring him to perform heavy lifting while he was on a
modified duty release, and (3) failing to provide an adequate workforce.  Randalls filed a motion for summary judgment,
which the trial court granted.  

II.  No Evidence Motion for Summary Judgment

In his first issue, appellant contends that Randalls filed a
traditional, not a no-evidence motion for summary judgment, and we should
review it as such.  See Tex. R. Civ. P. 166a(c), (i); Adams
v. Reynolds Tile & Flooring, Inc., 120 S.W.3d 417, 419B20 (Tex. App.CHouston [14th Dist.] 2003, no pet.)
(noting that the two forms of summary judgment are distinct and invoke
different standards of review).  Appellant contends this motion should be
treated as a traditional summary judgment motion simply because Randalls
attached evidence to it.  However, the
Texas Supreme Court recently held that a motion with evidence attached brought
solely under subsection (i) should not be treated as a traditional summary
judgment motion.  Binur v. Jacobo,
135 S.W.3d 646, 651 (Tex. 2004). 
Accordingly, we will review the motion for summary judgment as a
no-evidence motion.








III. 
Standard of Review

A no-evidence motion for summary judgment shifts the burden
of proof to the non-movant to produce evidence raising a genuine issue of
material fact on the contested issue on which the non-movant would bear the
burden of proof at trial.  See Tex. R. Civ. P. 166a(i).  In this motion, a party asserts there is no
evidence of one or more essential elements of the claims of the opposing
party.  Lake Charles Harbor &
Terminal Dist. v. Bd. of Trs. of Galveston Wharves, 62 S.W.3d 237, 241
(Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  Unlike a movant for traditional
summary judgment, a movant for a no‑evidence summary judgment does not
bear the burden of establishing a right to judgment by proving each claim or
defense.  Id.  To defeat a no-evidence summary judgment
motion, the non-movant need not marshal its proof, but should identify more
than a scintilla of evidence raising a fact issue on the challenged
elements.  See Tex. R. Civ. P. 166(i).  If the non-movant does not satisfy its burden
of producing some evidence on the challenged elements, the trial court must
grant the motion covering all claims or defenses composed of the challenged
elements.  Tex. R. Civ. P. 166a(i); Lampasas v. Spring Center,
Inc., 988 S.W.2d 428, 436 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  We review the evidence in the
light most favorable to the non-movant, disregarding all contrary evidence and
inferences.  Lake Charles Harbor &
Terminal Dist., 62 S.W.3d at 241B42.

IV. 
Analysis








Because Randalls is a non-subscriber to workers= compensation, in order for appellant
to recover, he must establish Randalls was negligent.  See Werner v. Colwell, 909 S.W.2d 866,
868 (Tex. 1995).  The
elements of negligence are (1) a duty, (2) a breach of that duty, and (3)
damages proximately caused by the breach.  See id. at 869. 
Randalls owes a duty of ordinary care to provide a safe workplace for
its employees.  See id.  Appellant claims that Randalls breached
its duty to provide him with a safe workplace by (1) requiring appellant to
lift objects that did not comply with federal standards relating to the
acceptable weight of lift, (2) requiring him to do heavy lifting while he was
on a modified duty release, and (3) failing to provide an adequate
workforce.  In its motion for summary
judgment, Randalls contended that appellant failed to present any evidence
supporting his assertion that these actions constitute breach of a duty, or
were the proximate cause of his injury. 
In response to Randalls=s motion, appellant submitted his affidavit and deposition
testimony, Randalls=s answers to interrogatories, and the affidavit of expert
Henry Wickes.

A. 
Breach of Duty

First, we consider appellant=s claim that Randalls breached its
duty to provide him with a safe workplace by failing to comply with
federal standards relating to the acceptable weight that should be lifted.  In support of appellant=s claim, he submitted the affidavit
of expert Henry Wilkes, a technical consultant in the fields of safety
engineering, safety management, and human factors engineering.  In deciding the merits of appellant=s claim, we base our decision on the
evidence and arguments presented by the parties.  Accordingly, we will not address whether
noncompliance with NIOSH standards constitutes a breach of an employer=s duty.  Rather, we will address Randalls=s claim that Wilkes=s affidavit is not competent summary
judgment evidence of a breach because Wilkes=s statements are conclusory.  See Wadewitz v. Montgomery, 951 S.W.2d
464, 466 (Tex. 1997) (holding conclusory statements made by an expert are
insufficient to support or defeat summary judgment).  A conclusory statement is one that does not
provide the underlying facts to support a conclusion.  Hou-Tex, Inc. v. Landmark Graphics, 26
S.W.3d 103, 112 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  An objection that an affidavit is conclusory
is an objection to the substance of the affidavit that may be raised for the
first time on appeal.  Id.








With regard to whether Randalls was complying with federal
standards relating to the amount of weight appellant lifted (between ninety and
one-hundred pounds), Wilkes stated, AThis weight of lift greatly exceeds
the acceptable weight of lift according to the revised NIOSH Lifting Equation[1]
which is the standard used by OSHA to determine safe lifting limits. . . .
Randall failed to exercise ordinary care to adhere to relevant or logically applicable
provisions of the NIOSH lifting equation.@ 

Wilkes did not explain what facts (other than the weight of
the fish) formed the basis of his conclusion that the weight appellant lifted
exceeded the acceptable weight of lift under the NIOSH lifting equation.  A NIOSH recommended weight limit is not a per
se limit applicable to all situations. 
Rather, a recommended weight limit must be computed by inserting the
weight of an object and six other factors, such as frequency (including
duration) and distance of the lift into the NIOSH mathematical equation.  Here, the only factor Wilkes provided in
support of his conclusion was the weight of the fish.  He did not provide any of the other factors
that determine a recommended weight limit, nor did he explain why these other
factors, though required to complete the calculation, were not necessary to
support his conclusion.  Accordingly, we
agree that Wilkes=s statement is conclusory and cannot defeat summary
judgment.  Therefore, appellant presented
no evidence that Randalls breached any duty by failing to comply with federal
standards relating to the amount of weight of the lift. 

B. 
Proximate Cause

We next consider whether appellant presented any evidence
Randalls was negligent (1) by requiring him to lift heavy boxes while he was on
a modified duty work release, and (2) for failing to provide an adequate
workforce.  Assuming, without deciding,
appellant presented some evidence these actions constituted a breach of a duty,
we consider Randalls=s claim that appellant presented no evidence that these
actions proximately caused his injury. 
Proximate cause consists of cause in fact and foreseeability.  Doe v. Boys Clubs of Greater Dallas, Inc.,
907 S.W.2d 472, 477 (Tex. 1995). 








Lay testimony is sufficient to establish causation where
general experience and common sense will enable a lay person to determine a
causal relationship between the event and the injury.  Morgan v. Compugraphic Corp., 675
S.W.2d 729, 733 (Tex. 1984).  However, if the question of causation is not
one that can be answered by general experience, expert testimony linking the
alleged negligence to the injury is required. 
Leitch v. Hornsby, 935 S.W.2d 114, 119 (Tex. 1996).  Randalls argues appellant was required to present
expert testimony confirming that Randalls=s allegedly negligent acts were the
cause in fact of appellant=s injury, and because he did not do so, there is no evidence
of this element of his claim.  

1.         Lifting While on Modified
Duty

Appellant claims his injury was caused by Randalls=s requiring him to do heavy lifting
while he was on a modified duty work release due to a previous injury.[2]  He did not provide any medical testimony
linking his back injury to this alleged negligence.  The only evidence related to his restricted
duty was his statement in his affidavit: 

At the time I was injured at Randall=s I was released for light duty only.  I was released on January 28, 1999 . . . with
restrictions that I should not bend, twist, stoop, kneel, push, pull, and reach
during an eight hour period. . . . When Randall=s had
this >modified duty release= they
assigned me to work as a >truck loader,= a
position that required me to bend, twist, stoop, kneel, push, pull and reach
during each eight hour period which was in violation of my return to work
release.

 

Nothing in the record indicates appellant=s work restrictions were related to
his back. Additionally, the standard work release form contained a Alifting@ section with various possible
lifting restrictions.  Nothing in this
section on appellant=s form was marked. 








To decide whether appellant=s testimony is adequate to prove
causation, we must determine whether general experience and common sense would
enable a layman to determine the causal relationship between the eventCRandalls requiring appellant to lift
while he was on a modified duty work releaseCand appellant=s back injury. See Morgan, 675
S.W.2d at 733.  Generally, lay testimony
that establishes a sequence of events providing a strong, logically traceable
connection between the event and condition is sufficient to prove causation.  Id. 
Here, appellant was placed on a modified duty work release unrelated to
his back, without any noted lifting restrictions.  He was assigned to work as a truck loader,
and he lifted boxes many times.  A year
and a half after being placed on modified duty work status, he injured his back
while lifting.  Appellant makes no claim
that he was performing a restricted activity when he was injured, nor does he
claim the performance of any of those activities contributed to his
injury.  Because appellant claims he was
injured while lifting, and not performing a restricted activity, this sequence
of events does not provide a strong, logically traceable connection between
Randalls=s requiring appellant to perform a non-restricted
activity and his back injury.








Additionally, in cases where lay testimony has been held to
be sufficient to establish causation, the sequence of events occurred within a
short period of time.  See, e.g.,
Morgan, 675 S.W.2d at 733 (breathing and swelling problems occurred soon
after exposure to chemical fumes); Dawson v. Briggs, 107 S.W.3d 739, 754
(Tex. App.CFort Worth 2003, no pet.) (plaintiff
suffered jaw pain and swelling the day of a car accident); Royal Globe Ins.
Co. v. Suson, 626 S.W.2d 161, 162B64 (Tex. App.CFort Worth 1981, writ ref=d n.r.e.) (something popped in
plaintiff=s back while lifting); Fidelity
& Guar. Ins. Underwriters, Inc. v. La Rochelle, 587 S.W.2d 493, 494,
496 (Tex. Civ. App.CDallas 1979, writ dism=d) (back pain occurred shortly after
a ping pong game).  Here, appellant
claims his back was injured because he was required to lift while he was on
modified duty work status, which he had been placed on a year and a half before
his injury.  The passage of this amount
of time in the sequence of events prevents a layman from being able to
determine the causal relationship between the event and the injury.  See Lenger v. Physician=s Gen. Hosp., Inc., 455 S.W.2d 703, 708 (Tex. 1970)
(holding sequence of events did not establish causation where several days
passed between event and discovery of injury, and other possible causes of
injury occurred during that time); Illinois Employers Ins. of Wausau v.
Wilson, 620 S.W.2d 169, 172 (Tex. Civ. App.CTyler 1981, writ ref=d n.r.e.) (holding the length of time
between the event and plaintiff=s leg amputation along with the complexity of the injury
required expert testimony on causation).

Accordingly, because general experience would not enable a
layman to determine the causal relationship, appellant was required to submit
expert testimony connecting his injury to Randalls=s alleged negligence.  See Leitch, 935 S.W.2d at 119.  Because he did not do so, he failed to
present any evidence that Randalls=s alleged negligence was the
proximate cause of his injury.  

2.         Failure to Provide an
Adequate Workforce

As for Randalls=s failure to provide an adequate
workforce, appellant stated in his affidavit that he lifted a bundle of fish
weighing between ninety and one-hundred pounds, and there was Anobody in the vicinity to help@ him lift it.  We recognize that an employer has the duty to
provide adequate help under the circumstances for the performance of required
work.  Werner v. Colwell, 909
S.W.2d 866, 869 (Tex. 1995).  However,
whether appellant=s injury would have been prevented had someone been helping
him is not a question that can be answered by general experience.  See Leitch, 935 S.W.2d at 119 (holding
that the question of whether proper lifting equipment would have prevented a
back injury could not be answered by general experience, and it required expert
testimony).  There is no evidence in the
record, expert or otherwise, that appellant would not have been injured had someone
helped him.  Therefore, appellant
presented no evidence that Randalls=s failure to provide help was the
proximate cause of his injury.  See id.  








V. 
Conclusion

Appellant failed to present any evidence that Randalls was
negligent for requiring appellant to lift a weight that did not comply with
federal standards, requiring him to do heavy lifting while he was on a modified
duty release, and failing to provide an adequate workforce.  He did not present any other theories of
negligence.  Therefore, the trial court
did not err in granting summary judgment. 
Accordingly, the judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed August 17, 2004.

Panel consists of Justices Fowler,
Edelman and Seymore.

 

 











[1]  NIOSH, the
National Institute for Occupational Safety and Health, publishes guidelines,
including a lifting equation, for determining recommended weight limits for
lifting.   





[2]  Randalls
argues there is no evidence in the record that appellant was still on a
modified duty at the time of his injury because appellant presented no expert
testimony on this matter.  However, a
question that can be answered by general experience does not require expert
testimony.  See Leitch, 935 S.W.2d
at 119.  Whether an employee is on a
modified work release can be determined through general experience.  Appellant claimed in his deposition that he
was still on restricted duty.  His work
release form does not indicate that his work restrictions ended on a specific
date, or that the restrictions were only for a limited amount of time.  Viewing this evidence in the light most
favorable to appellant, this is some evidence that he remained on modified duty
at the time of his injury.