**Greta BYRD, Appellant**

v.

**Florenciano DELASANCHA, Appellee.**

**No. 05–05–01317–CV.**

Court of Appeals of Texas, Dallas.

June 27, 2006.

Jason Franklin, Dallas, for appellant.

Eric Wilder McNeil, Dwyer Law Firm, Rockwall, for appellee.

Before Justices WRIGHT, MOSELEY, and LANG.

## OPINION

Opinion by Justice LANG.

Greta Byrd appeals the trial court's directed verdict, which instructed the jury to render a verdict in favor of Florenciano Delasancha on her claims of negligence arising out of an automobile collision. In two issues, Byrd argues the trial court erred when it: (1) found that expert medical testimony was required to prove causation in her motor vehicle collision case; and (2) granted Delasancha's motion for a directed verdict. We conclude the trial court erred when it granted Delasancha's motion for a directed verdict. The trial court's judgment is reversed and the case is remanded for a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Byrd is a security guard for the City of Dallas Independent School District at the administrative building. On Friday, May 20, 2004, Byrd's shift was from 11:00 p.m. to 7:00 a.m. On May 21, 2004, Byrd drove home from work by her normal route. When Byrd approached the intersection of Marsalis Avenue and Colorado Boulevard her traffic light was green, but when she entered the intersection her car was struck

by Delasancha's car and her airbag deployed.

Byrd got out of the car and called 9–1–1 on her cellular telephone. The police arrived and made a report. Also, the paramedics arrived and Byrd told them she was not okay. Byrd had her car towed to her house and rode home with the tow truck driver. Then, Byrd's mother took her to the hospital. The emergency room doctor diagnosed her with soft tissue trauma.

Byrd sued Delasancha for damages she allegedly suffered as a result of Delasancha's negligence in the automobile accident. The lawsuit proceeded to a jury trial. After Byrd rested her case-in-chief, Delasancha moved for a directed verdict on the grounds that there was no evidence or insufficient evidence to establish causation because there was no expert medical testimony to support a finding that Byrd's injuries have a causal relationship with the automobile accident. Byrd responded that a plaintiff's testimony can establish a causal nexus, she testified she did not have the injuries before the accident, but she did have them afterward, and her injuries are documented in the medical records admitted into evidence. The trial court granted Delasancha's motion for a directed verdict.

## II. DIRECTED VERDICT

In issues one and two, Byrd argues the trial court erred when it found that expert medical testimony was required to prove causation in her motor vehicle collision case and granted Delasancha's motion for a directed verdict. Byrd contends Texas law does not require medical expert testimony to establish causation in automobile collision cases and that her lay testimony was legally and factually sufficient to prove causation. Delasancha responds that lay testimony, standing alone, is sufficient to establish causation only in cases involving

default judgments and worker's compensation claims. Also, Delasancha responds that the jury was not qualified through general experience and common sense to determine within reasonable medical probability that the automobile collision caused Byrd's injuries and the facts of the case create a probability that Byrd was not injured.

### A. Standard of Review

■ In reviewing the grant of a directed verdict, an appellate court follows the standards for assessing the legal sufficiency of the evidence. *City of Keller v. Wilson,* 168 S.W.3d 802, 809–828 (Tex. 2005); *see also Exxon Mobil Corp. v. Kinder Morgan Operating L.P. "A",* 192 S.W.3d 120, 126 (Tex.App.-Houston [14th Dist.] 2006, no pet. h.). When reviewing a directed verdict, an appellate court must credit the favorable evidence if reasonable jurors could and disregard the contrary evidence unless reasonable jurors could not. *City of Keller,* 168 S.W.3d at 827; *see also Cotten v. Weatherford Bancshares, Inc.,* 187 S.W.3d 687, 696 (Tex.App.-Fort Worth 2006, pet. filed). An appellate court must determine whether there is any evidence of probative force to raise a fact issue on the question presented. *See, e.g., Bostrom Seating, Inc. v. Crane Carrier Co.,* 140 S.W.3d 681, 684 (Tex.2004); *Szczepanik v. First S. Trust Co.,* 883 S.W.2d 648, 649 (Tex.1994) (per curiam); *Sibai v. Wal–Mart Stores, Inc.,* 986 S.W.2d 702, 705 (Tex.App.-Dallas 1999, no pet.); *Edlund v. Bounds,* 842 S.W.2d 719, 723 (Tex.App.-Dallas 1992, writ denied).

■ A directed verdict is warranted when the evidence is such that no other verdict can be rendered and the moving party is entitled, as a matter of law, to a judgment. *See Edlund,* 842 S.W.2d at 724. A trial court may order a directed verdict in favor of a defendant when: (1) a plain-

tiff fails to present evidence raising a fact issue essential to the plaintiff's right of recovery; or (2) the plaintiff admits or the evidence conclusively establishes a defense to the plaintiff's cause of action. *See Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex.2000). A trial court may properly direct a verdict if no evidence of probative force raises a fact issue on the material questions in the lawsuit. *See Prudential Ins.*, 29 S.W.3d at 77; *Sibai*, 986 S.W.2d at 705.

■■■■ However, it is error for a trial court to direct a verdict when a material issue is raised by the evidence. *See Edlund*, 842 S.W.2d at 724. If there is any conflicting evidence of probative value on any theory of recovery, a directed verdict is improper and the case must be remanded for the jury to determine that issue. *See Szczepanik*, 883 S.W.2d at 649; *Sibai*, 986 S.W.2d at 705; *Monroe v. Grider*, 884 S.W.2d 811, 815–16 (Tex.App.-Dallas 1994, writ denied). If reasonable minds could differ as to the controlling facts, a trial court errs if it grants a directed verdict and refuses to submit the issues to the jury. *See Latham v. Castillo*, 972 S.W.2d 66, 68 (Tex.1998); *Edlund*, 842 S.W.2d at 724.

### B. Applicable Law

■■■■ To establish causation in a personal injury case, a plaintiff must prove the conduct of the defendant caused an event and that this event caused the plaintiff to suffer compensable injuries. *See Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex.1984). The causal nexus between the event sued on and the plaintiff's injuries must be shown by competent evidence. *See Morgan*, 675 S.W.2d at 732.

■■■■ Lay testimony is adequate to prove causation if general experience and common sense will enable a lay person to determine the causal relationship between the event and the condition with reasonable probability. *See Morgan*, 675 S.W.2d at 733; *Lenger v. Physician's Gen. Hosp., Inc.*, 455 S.W.2d 703, 706 (Tex.1970); *Parker v. Employers Mut. Liab. Ins. Co.*, 440 S.W.2d 43, 46 (Tex.1969). In areas of common experience, a jury should generally be entitled to decide causation with or without medical testimony. *See Fid. & Guar. Ins. Underwriters, Inc. v. La Rochelle*, 587 S.W.2d 493, 496 (Tex.Civ.App.-Dallas 1979, writ dism'd). Generally, lay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation. *See Morgan*, 675 S.W.2d at 733. In such cases, lay testimony can provide both legally and factually sufficient evidence to prove the causal relationship. *See Blankenship v. Mirick*, 984 S.W.2d 771, 775 (Tex.App.-Waco 1999, pet. denied). The fact that the testimony of causation comes from the injured party alone does not prevent it from having probative force if given credit by the jury. *See Fid. & Guar. Ins.*, 587 S.W.2d at 497.

### C. Application of the Law to the Facts

■■■■ During the jury trial, Byrd stated she did not have the alleged injuries before the automobile accident, but she did have them afterward. She testified she was injured after the accident as follows:

PLAINTIFF'S COUNSEL: Where were you hurting at this point?

BYRD: From my head to my waist and my right leg.

PLAINTIFF'S COUNSEL: If you could, we'll try to take those step by step. What did your head feel like?

BYRD: My whole body was like a sting from the airbag, a long sting. The airbag was very painful. It hit me very hard, so my whole—from my

head to my waist was hurting bad. And I felt like, to me, maybe I was going to have a heart attack. That's the way I felt.

PLAINTIFF'S COUNSEL: How about your head specifically? What did your head feel like, if you could describe that.

BYRD: My head was spinning and my head was stinging.

PLAINTIFF'S COUNSEL: Was there anywhere else hurt [sic]?

BYRD: My neck.

PLAINTIFF'S COUNSEL: Please describe what your neck felt like after the accident.

BYRD: It was stinging, like a stinging, like I had been hit with something. My neck was just—all my muscles went tight. It was just a big sting.

PLAINTIFF'S COUNSEL: And anywhere else besides your head and your neck?

BYRD: When I got out of the car, my whole body was hurting. When I stepped out of the car, it was like I had been hit with something very forceful.

PLAINTIFF'S COUNSEL: I believe you said that your knee was hurt. What did it feel like?

BYRD: It hit something in the car. It [sic] was a big knot on it. I was limping. It was painful.

PLAINTIFF'S COUNSEL: Which leg did you hit in the car accident?

BYRD: My right leg.

Also, Byrd testified she did not have these injuries or pain in these areas of her body before the accident as follows:

PLAINTIFF'S COUNSEL: Had you had pain in any of those areas prior to the accident?

BYRD: No, sir.

PLAINTIFF'S COUNSEL: Did you have any pain in your head prior to the accident?

BYRD: No, sir.

PLAINTIFF'S COUNSEL: How about your neck? Did you have a stinging sensation in your neck before the accident?

BYRD: No, sir.

PLAINTIFF'S COUNSEL: How about in your leg? Had your right leg hurt before the accident?

BYRD: No, sir.

PLAINTIFF'S COUNSEL: Had you ever been to a doctor for any of those injuries that you'd sustained in the accident before the accident?

BYRD: No, sir.

PLAINTIFF'S COUNSEL: So you hadn't been to a doctor for your neck.

BYRD: No, sir.

PLAINTIFF'S COUNSEL: You hadn't been to the doctor for your back.

BYRD: No, sir.

PLAINTIFF'S COUNSEL: Had you ever been to the doctor for your right leg?

BYRD: No, sir.

In addition, the emergency department's medical records, which were admitted without objection, show Byrd was diagnosed with soft tissue trauma. The portions of the Rehab South medical records that were not objected to show that approximately two weeks later, Byrd continued to have stiffness and discomfort in her neck and back, and she was diagnosed with headaches, insomnia, stress, an abdominal contusion, a shoulder sprain, a cervical dorsal sprain, and a lumbar sprain.

■ However, Delasancha argues that lay testimony, in this case from Byrd, standing alone, is sufficient to establish causation only in cases involving default judgments and worker's compensation

claims. Specifically, Delasancha argues that three of the cases asserted as authority by Byrd, including *Morgan*, were default judgment cases and a fourth case, *Fidelity & Guaranty*, was a worker's compensation case. *See Morgan*, 675 S.W.2d at 730 (default judgment); *Dawson v. Briggs*, 107 S.W.3d 739, 742 (Tex.App.-Fort Worth 2003, no pet.) (default judgment); *Jackson v. Gutierrez*, 77 S.W.3d 898, 901 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (default judgment); *Fidelity & Guar.*, 587 S.W.2d at 494 (worker's compensation). Also, Delasancha cites *Praytor* and *Coastal Tankships* as authority for limiting *Morgan* to a default context. However, we cannot agree with Delasancha.

In *Morgan*, the Texas Supreme Court noted that a default judgment conclusively establishes the defendant's liability, but proof of the causal nexus is necessary to ascertain the amount of damages to which the plaintiff is entitled. The plaintiff is entitled to recover damages only for those injuries caused by the event that is the basis of the lawsuit. *See Morgan*, 675 S.W.2d at 732. Specifically, the Texas Supreme Court stated that "Proving that the event sued upon caused the plaintiff's alleged injuries is part and parcel of proving the amount of damages to which the plaintiff is entitled. The causal nexus between the event sued upon and the plaintiff's injuries must be shown by competent evidence." *See id.*

We cannot agree with Delasancha that *Praytor* and *Coastal Tankships* diminish the impact of *Morgan* in the case before us. Both the Houston Fourteenth Court of Appeals, in *Praytor*, and the Houston First Court of Appeals, in *Coastal Tankships*, identified *Morgan* as a default judgment case that left no dispute as to whether general experience and common sense could allow a lay person to determine causation. *See Coastal Tankships, U.S.A.,*

*Inc. v. Anderson*, 87 S.W.3d 591, 603 n. 23 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Praytor v. Ford Motor Co.*, 97 S.W.3d 237, 241 (Tex.App.-Houston [14th Dist.] 2002, no pet.). However, those courts also distinguished *Morgan* by stating that the Texas Supreme Court addressed a record where one cause was identified, where, in *Praytor* and *Coastal Tankships*, multiple causes of injury were identified. *See Praytor*, 97 S.W.3d at 241; *Coastal Tankships*, 87 S.W.3d at 603 n. 23. The case before us is distinguishable from *Praytor* and *Coastal Tankships* and similar to *Morgan* because the record does not identify multiple causes of Byrd's injuries.

Likewise, Delasancha's contention that lay testimony of causation is available in the unique circumstance of worker's compensation is misplaced. We look to the Texas Supreme Court decision in *Parker* for guidance. In *Parker*, the Texas Supreme Court noted that a worker's compensation case involves "essentially the same concept of causation in fact as that applied in a negligence suit, but it arises in a different context of liability." *Parker*, 440 S.W.2d at 45.

We conclude the evidence establishes a sequence of events from which the jury may properly infer, without the aid of medical expert testimony, that the automobile accident caused Byrd to suffer injury. Also, we conclude the trial court erred when it granted Delasancha's motion for a directed verdict. Byrd's first and second issues are decided in her favor.

## III. CONCLUSION

The trial court erred when it granted Delasancha's motion for a directed verdict. The trial court's judgment is reversed and the case is remanded for a new trial.