**In re EPHEDRA PRODUCTS LIABILITY LITIGATION.**

**Pertains To Stafford v. Weight Watchers Inc. et al, No. 05 Civ. 3021.**

**No. 04 M.D. 1598(JSR).**

United States District Court, S.D. New York.

March 26, 2007.

Anne Andrews, Andrews Kurth LLP, Dallas, TX, Catherine Theodora Heacox, Ellen Relkin, Michael Edward Pederson, Weitz and Luxenburg, P.C., New York City, Kenneth H. Stone, Law Offices of Kenneth H. Stone, San Diego, CA, Leslie W. O'Leary, Williams, Dailey, O'Leary, Craine & Love, Portland, OR, Steven J. Skikos, Lopez, Hodes Law Firm, San Francisco, CA, Trent B. Miracle, Simmonscooper, LLC, East Alton, IL, Virginia L. Borden, Silverman Sclar Shin & Byrne PLLC, New York City, Kenneth T. Fibich, II, W. Michael Leebron, II, Fibich, Hampton, Leebron & Garth, L.L.P., Houston, TX, Russell Scott Briggs, Fibich, Hampton & Leebron, Houston, TX, Edward Frances Blizzard, Blizzard McCarthy & Nabers, Houston, TX, Robert M. Schwartz, Williams & Bailey Law Firm, Houston, TX, John M. Calimafde, Philip Charles Canelli, Morgan, Lewis & Bockius, LLP, New York City, Katherine M. Lordi, Bloomfield, NJ, David Howard Berg, Berg & Androphy, New York City, Michael Hodson, Hodson, Woods & Snively, Fayetteville, AR, Tamera Lee Venzke, Venzke Law Firm, Houston, TX, Ethan James Early, Early & Strauss, LLC, New York City, J. Nixon Daniel, John F. Windham, Thomas F. Gonzalez, Beggs & Lane, Pensacola, FL, Leslie W. O'Leary, Williams, Dailey, O'Leary, Craine & Love, Portland, OR, Charles W. Sickels, Donna Miller Rostant, Hall, Sickels, Rostant, Frei and Kattenburg, P.C., Reston, VA, John C. Evans, Specter Specter Evans & Manogue, P.C., Pittsburgh, PA, Hal Jon Kleinman, Schiffrin & Barroway, LLP, Radnor, PA, Anne Andrews, Andrews Kurth LLP, Dallas, TX, Joseph Paul Thomas, Ulmer & Berne, Cincinnati, OH, Paul D. Rheingold, Rheingold,Valet, Rheingold, Shkolnik & McCartney, LLP, New York City, James Stewart White, Law Offices Of White, Meany & Wetherall, LLP, Reno, NV, Hugh McMaster Russ, III, Hodgson Russ Andrews Woods & Goody, LLP, Buffalo, NY, Christopher Adam Seeger, Seeger Weiss LLP, New York City, David R. Heffernan, Miami, FL, Amy Rosenberg, Rheingold, Valet, Rheingold & Shkolnik, P.C., New York City, Catherine Ann Ryan, Esdaile, Barrett & Esdaile, Boston, MA, James N. Esdaile, Jr., Esdaile, Barrett & Esdaile, Boston, MA, Melvin C. Hartman, The Jacob D. Fuchsberg Law Firm, LLP, New York City, Robert Michael Hirsh, Duane Morris, LLP, New York City, Sarah E. O'Leary, Esdaile, Barrett & Esdaile, Boston, MA, David B. Rheingold, Rheingold, Valet & Rheingold, P.C., New York City, John J. Evans, Specter, Specter, Evans & Manogue, P.C., Pittsburgh, PA, Jamal K. Alsaffar, Lance D. Sharp, Laura Bellegie Sharp, Austin, TX, Robert Allen Valadez, Shelton & Valadez, P.C., San Antonio, TX, James Andrew Talbert, Jennifer A. Sullivan, Bozeman, Jenkins & Matthews, Pensacola, FL, James J. McHugh, Jr., The Beasley Firm, Philadelphia, PA, Alex Alvarez, Coral Gables, FL, Eckley M. Keach, Las Vegas, NV, Robert E. Murdock, Las Vegas, NV, Sharon Elmaleh-Schoenman, Oshman & Mirisola, LLP, New York City, Patrick Dean McMurtray, Frazer Davidson, P.A., Jackson, MS, Anne Cisar Rudd, Kelly, Herlihy & Klein LLP, San Francisco, CA, Arlene N. Farolan, Kalinoski & Chaplinsky, Des Moines, IA, Keith D. Jacobson, Kenneth B. Moll & Associates, Ltd., Chicago, IL, Kenneth Brian Moll,

Pamela Gale Sotoodeh, Ronald Vincent Fiesta, Victoria Dizik Teremenko, Sarah Crevier. Bullard, Kenneth B. Moll & Associates, Chicago, IL, Kurt D. Hyzy, Kenneth B. Moll & Associates, Ltd., Chicago, IL, Darin M. Colucci, Dino M. Colucci, Colucci, Colucci & Marcus, P.C., Milton, MA, John Carleton Thornton, III, Andrews & Thornton, Santa Ana, CA, John Hasan Ruiz, John H. Ruiz, P.A., Miami, FL, Stanely Vernon Buky, Bruce David Rasmussen, Paul R. Thomson, III, Michie, Hamlett, Lowry, Rasmussen & Tweel, P.C., Charlottesville, VA, David Bagley Rheingold, Rheingold,Valet, Rheingold, Shkolnik & McCartney, LLP, New York City, Bruce R. Laxalt, Reno, NV, Denise Michelle Smith, Jeffrey F. Peck, Jennifer J. Bouchard, Michael Suffren, Ulmer & Berne, Cincinnati, OH, Gregory V. Cortese, Holly Stoberski, Las Vegas, NV, Christopher A. Glaser, Wright, Robinson, Osthimer & Tatum, Washington, DC, William Henry Robinson, Jr., Wright, Robinson, Mccammon, Osthimer & Tatum, Richmond, VA, Peter S. Baumberger, Rossman Baumberger Reboso & Spier, P.A., Miami, FL, James Stewart White, Law Offices Of White, Meany & Wetherall, LLP, Reno, NV, Ian L. Mattoch, Law Offices of Ian L. Mattoch, Honolulu, HI, John Hasan Ruiz, John H. Ruiz, P.A., Miami, FL, Gregory S. Love, Fort Worth, TX, Lenore Kramer, Kramer & Dunleavey, New York City, Joseph Scott Nabers, Rebecca Ann Briggs, Blizzard McCarthy & Nabers, Houston, TX, Keyser, Beverly Hayes Pace, Calvin S. Tregre, Janet Gilligan Abaray, Lopez, Hodes, Restaino, Milman & Skikos, Cincinnati, OH, David B. Massey, Davis, Polk Et Ano., New York City, Jeffrey W. Rickard, Ryan M. Hagan, Alexander, Hawes & Audet, L.L.P., San Jose, CA, Robert G. Rikard, James C. Anders, P.A. & Associates, Columbia, SC, Jodi K. McKelvin, Robert B. Roden, Shelby Roden LLC, Birmingham, AL, J. Mark Kell, Lampin, Kell, Fagras, Linson & Custer, St. Peters, MO, Michael Leslie Hodges, Paul J. Hanly, Jr., Hanly Conroy Bierstein & Sheridan LLP, New York City, Daniel N. Gallucci, Rode & Qualey, New York City, Dianne M. Nast, Roda & Nast, P.C., Lancaster, PA, Arnold Levin, Levin, Fishbein, Sedran & Berma, Philadelphia, PA, Leonard V. Fodera, Silverman & Fodera, P.C., Philadelphia, PA, Debora A. O'Neill, Jack A. Meyerson, Dennis P. Brescoll, Birmingham, MI, Annesley Hodges Degaris, Cory, Watson, Crowder & Degaris, P.C., Edward E. Angwin, Jason A. Stuckey, Gulas & Stuckey, P.C., Birmingham, AL, A. David Fawal, Archie Cleveland Lamb, Chris W. Cantrell, Law Offices of Archie Lamb, LLC, Birmingham, AL, Edward Stirling Deacon, Wilcoxen, Callahan, Montgomery & Deacon, Sacramento, CA, Gayle M. Blatt, Herman, Mathis, Casey, Kitchens & Gerel, San Diego, CA, Darryn L. Silverstein, Silverstein, Silverstein & Silverstein, P.C., Aventura, FL, Patrice Ann Talisman, Hersch & Talisman, P.A., Miami, FL, Anne Cisar Rudd, Kelly, Herlihy & Klein LLP, San Francisco, CA, Keith D. Jacobson, Kurt D. Hyzy, Paige E. Barr, Pamela Gale Sotoodeh, Ronald Vincent Fiesta, Tiffany K. Donnelly, Tracy A. Jurgus, Victoria Dizik Teremenko, Kenneth B. Moll & Associates, Ltd., Chicago, IL, for Plaintiffs.

Anthony Lee Osborn, McCormick Barstow Sheppard Wayte and Carruth, Fresno, CA, Baxter Ward Banowsky, Banowsky, Betz & Levine, P.C., Dallas, TX, Brian Douglas Equi, Jason Paul Herman, Larry Dean Smith, Cabaniss Smith Toole & Wiggins, P.L., Maitland, FL, Christina J. Marshall, Edward H. Blakemore, Sutter, O'Connell Mannion & Farchione, Cleveland, OH, David Michael Dahlmeier, Foley & Mansfield, PLLP, Minneapolis, MN, Edward G. Bowron, Bowron, Latta & Wasden, P.C., Mobile, AL, Eric J.

Ward, Ward, Norris, Heller & Reidy, LLP, Rochester, NY, Eric A. Weiss, Marshall, Gerstein & Borun, Chicago, IL, Esther Rae Decambra, Miller & Martin PLLC, Chattanooga, TN, Gregory Brian Smith Jackson, Miller & Martin PLLC, Nashville, TN, James W. Ozog, James Michael Rozak, James Robert Schachner, Wiedner & McAuliffe, Ltd., Chicago, IL, Jeffrey A. Johnson, Cosgrave, Vergeer, Kester, L.L.P., Portland, OR, John P. Kavanagh, Jr., Bowron, Latta & Wasden, P.C., Mobile, AL, John G. Mitchell, New York City, John Otho Payne, Huckabay, Munson, Rowlett & Moore, P.A., Little Rock, AR, Lawrence C. Maxwell, Baker, Donelson, Bearman, Caldwell & Berkowitz, Nashville, TN, Leah M. Gerbitz, Miller & Martin PLLC, Chattanooga, TN, Mark Clarence Hegarty, Shook Hardy & Bacon, LLP, Kansas City, MO, Michael Wilder Newport, Foley & Mansfield P.L.L.P., Michael L. Young, Theodore J. MacDonald, Burroughs, Hepler, Broom, Macdonald, Hebrank & T., St. Louis, MO, Richard F. Scruggs, Scruggs, Millette, Lawson, Bozeman & Dent, P.A., Pascagoula, MS, Scott Douglas Levine, Banowsky, Betz & Levine, P.C., Dallas, TX, Sidney A. Backstrom, Scruggs Law Firm, Oxford, MS, Thomas Paul Mannion, Mannion & Gray, Co. L.P.A., Cleveland, OH, Wayne C. Kreuscher, Barnes & Thornburg, Indianapolis, IN, Frederick Natale Salvo, III, Michael Scott Minyard, Baker Donelson Bearman Caldwell & Berkowitz, PC, Jackson, MS, Robert Gaylord Smith, Lewis Bribois Bisgaard & Smith, San Diego, CA, Michael Peter Kessler, Weil, Gotshal & Manges LLP, New York City, Rex Allen Littrell, Ulmer And Berne, Columbus, OH, Andrew S. Bolin, Macfarlane Ferguson & McMullen, Tampa, FL, Barry McDonough, McDonough, Hacking & Neumeier, Boston, MA, Bruce R. Laxalt, Reno, NV, Christopher A. Glaser, Wright, Robinson, Osthimer & Tatum, Washington, DC, G. Byron Sims, Jeromy D. Hughes, Browns Sims, P.C., Houston, TX, Gayle L. Ballew, Dallas, TX, Gregory V. Cortese, Holly Stoberski, Las Vegas, NV, James M. Williams, Jeffrey F. Peck, Jennifer J. Bouchard, Joseph C. Klein, Janet Goldberg Mcenery, Macfarlane Ferguson & McMullen, Tampa, FL, John M. Bickel, Shuttleworth & Ingersoll, Cedar Rapids, IA, John H. Price, Honolulu, HI, Joseph John Saltarelli, Hunton & Williams, LLP, New York City, Lewis A. Bartell, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, Mark E. McLaughlin, Tampa, FL, Mary Lynn Tate, The Tate Law Firm, Abingdon, VA, Michael Suffren, Ulmer & Berne, L.L.P., Cincinnati, OH, Nancy A. Serventi, McDonough, Hacking, Neumeier & Lavoie, Boston, MA, Rickey L. Faulkner, Longview, TX, Robert B. Beck, III, Leck & Associates, Santa Monica, CA, Stephen C. Merriam, Ulmer & Berne, L.L.P., Cleveland, OH, Steven Jeffrey Rothman, Jones, Foster, Johnston & Stubbs, West Palm Beach, FL, Susan Y.M. Chock, Law Offices of John H. Price, Honolulu, HI, William Henry Robinson, Jr., Wright, Robinson, Mccammon, Osthimer & Tatum, Richmond, VA, Richard C. Obiol, Civardi, Clair & Obiol, LLP, Rockville Centre, NY, Paul Goodovitch, Jacobson & Schwartz, Rockville Centre, NY, Brian Nelson Casey, Taylor & Walker, P.C., Norfolk, VA, John Joseph Burke, Jr., Thelen Reid Brown Raysman & Steiner, LLP, New York City, Joseph John Ortego, Nixon Peabody, LLP, Jericho, NY, Michael Joseph Suffern, Ulmer and Berne, Columbus, OH, John H. Price, Honolulu, HI, Susan Y.M. Chock, Law Offices of John H. Price, Honolulu, HI, JD Roy Atchison, U.S. Attorney, Pensacola, FL, Charles A. Johnson, Hill, Rivkins & Hayden, L.L.P., Jersey City, NJ, Stephen R. Stern, Hoffinger Stern & Ross LLP, New York,

NY, Joseph John Saltarelli, Hunton & Williams, LLP, New York City, Kimberly Letcher, Norma V. Garcia, Robert S. Beale, Sheppard, Mullin, Richter & Hampton, LLP, Costa Mesa, CA, Ellen W. Smith, Samuel J. Samaro, Pashman Stein, P.C., Hackensack, NJ, Steven J. Kirsch, Murnane, Conlin, White & Brandt, St. Paul, MN, Christian J. Ziegler, Ferdie F. Franklin, Karen Margaret Sullivan, Lisa R. Ackley, Walsworth, Franklin, Bevins & McCall, Orange, CA, Daniel Ross Mawhinney, Thompson & Bowie, LLP, Portland, ME, Edward Joseph Stolarski, Jr., Wilbraham, Lawler & Buba, Philadelphia, PA, John G. Mitchell, New York City, John Payne, Huckabay, Munson, Rowlett & Moore, Little Rock, AR, John Otho Payne, Huckabay, Munson, Rowlett & Moore, P.A., Little Rock, AR, Mark Reese Pharr, III, Galloway, Johnson, Tompkins, Burr & Smith, P.L.C., Lafayette, LA, Thomas Bernard Farrey, III, Burns & Farrey, Worcester, MA, James W. Ozog, Wiedner & Mcauliffe, Ltd., Chicago, IL, Robert Gaylord Smith, Lewis Bribois Bisgaard & Smith, San Diego, CA, David Michael MacDonald, Dallas, TX, Steven A. Stadtmauer, Harris Beach, LLP, New York City, Darrell L. Barger, Hartline, Dacus, Barger, Dreyer & Kern, L.L.P., David Lesley Jones, Michael G. Terry, Hartline Dacus, Corpus Christi, TX, Ramona Martinez, Cowles and Thompson, P.C., Robert Gaylord Smith, Lewis Bribois Bisgaard & Smith, San Diego, CA, Bruce Daniel Ainbinder, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Eric Peter Blaha, Hoffinger Stern & Ross LLP, New York City, Andrew S. Bolin, Macfarlane Ferguson & McMullen, Tampa, FL, Dennis L. Kennedy, Lionel Sawyer & Collins, Las Vegas, NV, Gayle L. Ballew, Dallas, TX, Janet Goldberg Mcenery, MacFarlane Ferguson & McMullen, Tampa, FL, Jezabel Llorente, Tew Cardenas, LLP, Miami, FL, John H. Price, Honolulu, HI, Leah A. Ayala, Lionel Sawyer & Collins, Las Vegas, NV, Lewis A. Bartell, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, Mark E. McLaughlin, Tampa, FL, Mary Lynn Tate, The Tate Law Firm, Abingdon, VA, Tiffany Reece Clark, Ulmer And Berne, Columbus, OH, Rex A. Litrell, Ulmer & Berne, L.L.P., Colombus, OH, Rickey L. Faulkner, Longview, TX, Stephen C. Merriam, Ulmer & Berne L.L.P., Cleveland, OH, Steven Jeffrey Rothman, Jones, Foster, Johnston & Stubbs, West Palm Beach, FL, Susan Y.M. Chock, Law Offices of John H. Price, Honolulu, HI, Thomas M. O'Connor, Brody, O'Connor & O'Connor, Esqs., Northport, NY, Bruce R. Laxalt, Reno, NV, Christopher A. Glaser, Wright, Robinson, Osthimer & Tatum, Washington, DC, Gregory V. Cortese, Holly Stoberski, Las Vegas, NV, Jennifer J. Bouchard, Ulmer & Berne, Cincinnati, OH, William Henry Robinson, Jr., Wright, Robinson, Mccammon, Osthimer & Tatum, Richmond, VA, Patrick Lysaught, Baker, Sterchi, Cowden & Rice, L.L.C., Kansas City, MO, Shannon Cook, Ulmer & Berme, LLP, Cincinnati, OH, Stephen C. Merriam, Ulmer & Berne L.L.P., Cleveland, OH, Howard Klein, Jacquelyn J. Ager, Conrad, O'Brien, Gellman & Rohn PC, Philadelphia, PA, Bradley S. Russell, Overland Park, KS, D. Patrick Kasson, Reminger & Reminger Co., L.P.A., Columbus, OH, Don Doyle, Daw & Ray, Houston, TX, Eric J. Ward, Ward, Norris, Heller & Reidy, LLP, Rochester, NY, Eva Marie Mannoia Weiler, Frank C. Lascala, Frank C. Rothrock, Shook, Hardy & Bacon L.L.P., Irvine, CA, J. David Wall, Bassett Law Firm, Fayetteville, AR, Jennifer Kincaid Adams, Woodward, Hobson & Fulton, LLP, Louisville, KY, John Otho Payne, Huckabay, Munson, Rowlett & Moore, P.A., Little Rock, AR,

Mark Clarence Hegarty, Shook Hardy & Bacon, LLP, Kansas City, MO, Michael L. Young, Burroughs, Hepler, Broom, Macdonald, Hebrank & T, St. Louis, MO, Paul B. La Scala, Shook, Hardy & Bacon L.L.P, Irvine, CA, Peri H. Alkas, Daw & Ray, Houston, TX, Rebecca L. Didat, Richard H.C. Clay, Woodward, Hobson & Fulton, LLP, Louisville, KY, Richard E. Morton, Borton, Petrini & Conron, San Francisco, CA, Joanne M. Gray, Goodwin Procter, LLP, New York City, Richard A. Oetheimer, Goodwin Procter, LLP, Boston, MA, Adam Benjamin Michaels, Goodwin Procter, LLP, New York City, Thomas Francis Lucas McKenna, Storer, Chicago, IL, Stephen F. Dryden, Robinson Grayson & Dryden, P.A., Wilmington, DE, Beth Anne Fredericksen, M. Richard Mullins, Oklahoma City, OK, Arthur Anton Povelones, Jr., John Samuel Favate, Hardin, Kundla, Mckeon, Poletto & Polifroni, P.A., Springfield, NJ, Michael J. Rust, Gray, Rust, St. Amand, Moffett & Brieske, L.L.P., Atlanta, GA, Daniel Joseph Morse, Hardin, Kundla, Mckeon, Poletto, PA, New York City, Robert Richard Brooks-Rigolosi, Segal Mccambridge Singer & Mahoney, Ltd., New York, NY, Steven J. Kirsch, Murnane, Conlin, White & Brandt, St. Paul, MN, Christine Coers-Mitchell, Cosgrave Vergeer Kester, L.L.P., Portland, OR, Derek J. Ashton, Jeffrey A. Johnson, Cosgrave, Vergeer, Kester, L.L.P., Portland, OR, Eric Peter Blaha, Hoffinger Stern & Ross LLP, New York City, Jeanne Anne Cygan, Ferro & Cuccia, New York City, Rex Allen Littrell, Ulmer And Berne, Columbus, OH, for Defendants.

## OPINION AND ORDER

RAKOFF, District Judge.

Defendants' motion for summary judgment dismissing the complaint for failure to show causation is denied; their motion to exclude the opinions of Wesley Dennis, M.D. is granted in part and denied in part; and their motion for summary judgment dismissing the complaint as to individual defendant Michnal for lack of personal jurisdiction is denied.

The relevant facts, undisputed or, where disputed, taken most favorably to plaintiff, are as follows:

Plaintiff Sharon Stafford, a Texas resident, became disoriented at work on December 11, 2002, at age 54. Her supervisor told a co-worker, Sue Schlosser, to take plaintiff to the emergency room and to bring the doctors a bottle of ThermoSlim, defendants' ephedra product, which Schlosser and other co-workers had seen in plaintiff's possession at work. Deposition of Sue Schlosser dated August 4, 2006 ("Schlosser Dep.") at 15–18. In the emergency room, plaintiff's blood pressure was measured as 240/94. Plaintiff's Rule 56.1 Statement ("Pl.56.1"), Ex. O ("Emergency Department Record"). The hospital records, as read by Dr. Dennis into the transcript of his deposition, include the following impressions of the consulting neurologist: "an unusual stroke or encephalopathy due to elevated blood pressure"; "There's a question of diet treatment induced hypertension, vasospasm." Deposition of Wesley D. Dennis, M.D. dated January 9, 2006 ("Dennis Dep.") at 88 and 92. The hospital performed its standard toxicological tests, all of which proved negative, Defendants' Rule 56.1 Statement ("Def.56.1"), Ex. L ("All Saints Records") at 9, but the tests did not screen for ephedrine. Dennis Dep. at 126.

In 1994, plaintiff's family physician, Edmond Evans D.O., measured her systolic blood pressure in the 160–170 range, Deposition of Edmond C. Evans dated February 8, 2006 ("Evans Dep.") at 15, and had prescribed medication to lower it, which

Ms. Stafford apparently was no longer taking at the time of her 2002 stroke. *See* Emergency Department Record. Also in 1994, Dr. Evans diagnosed plaintiff as diabetic, Evans Dep. at 14, and by 2003 her diabetes had caused "atherosclerotic changes," Dennis Dep. at 15. In 2000, Dr. Evans recorded plaintiff's weight at 234 lbs. and admonished her to lose weight, as he had done on previous occasions. Evans Dep. at 25. Plaintiff had suffered a mild previous stroke in 1997, Dennis Dep. at 9–10, without lasting symptoms or significant absence from work. *Id.* After her stroke in 2002, however, Dennis determined Stafford was unable to return to work. Dennis Dep. 105–06.

Plaintiff complains of impaired memory, Deposition of Sharon Stafford ("Stafford Dep.") at 21–22, and does not recall details of her purchase and use of ThermoSlim. *Id.* at 25. A canceled check, however, shows that she paid defendant Universal Nutrition Corp. ("UNC") $127.95 for an order of ThermoSlim on 11/6/02. Pl. 56.1 Ex. R. There is no evidence of the dose she was taking at the time of her stroke. Plaintiff did testify that she had heard about ThermoSlim "through a TV ad," Stafford Dep. at 15–16, but remembers nothing about the ad except that it said ThermoSlim "would help you lose weight." *Id.* at 56. The hospital records note that plaintiff had lost 25 lbs. in the month preceding her stroke. Dennis Dep. at 86, 152.

At all relevant times, defendant UNC, a Nevada corporation having its principal office in Florida, was marketing and selling ThermoSlim in Texas and elsewhere. Def. 56.1 ¶¶ 5, 70. UNC paid for an "infomercial" promoting ThermoSlim to be televised in the Dallas/Forth Worth market, Declaration of Robert J. Michnal dated September 20, 2006 ("Michnal Decl.") ¶ 23. Plaintiff alleges and defendant has not disputed that this infomercial was televised in plaintiff's viewing area at times consistent with plaintiff's order of ThermoSlim from UNC. Plaintiff's Response and Brief to Defendants' Motion for Summary Judgment at 3. UNC had no employees; defendant Robert Michnal, a resident of Florida, was its sole shareholder, sole director, president, and treasurer; his wife, Roma Michnal, was its secretary. Michnal Decl. ¶¶ 2, 9.

Defendant MTM Marketing and Consulting Inc. ("MTM") was a Georgia corporation having its principal office in Norcross, Georgia. Def. 56.1 ¶ 86. In performance of a contract with UNC, MTM warehoused a stock of ThermoSlim and packaged and shipped ThermoSlim to customers who had ordered it from UNC by mail or over the Internet. Michnal Decl. ¶ 16. Michnal was MTM's sole shareholder, sole director, president, and treasurer; his wife was MTM's secretary. *Id.* ¶ 5. MTM employed a bookkeeper, purchasing manager, receptionist, warehouse manager, and temporary employees. *Id.* ¶ 4.

The witness whose opinions are sought to be excluded, Wesley Dennis, M.D., was plaintiff's treating neurologist from April 2003 until March 2005, when the group practice where he was working dropped plaintiff as a patient because of a problem with her insurance. Dennis Dep. at 12, 37–40. Defendants noticed his deposition as a fact witness in January 2006 and paid him $300/hour for his time in so testifying. *Id.* at 130. He has received no other payment from plaintiff. *See* transcript of oral argument 3/1/07 at 37–38. Dennis was deposed as a fact witness and was never contacted by plaintiff's counsel about serving as an expert in the case. Dennis Dep. at 6, 129–30. During his deposition, however, counsel for one of the defendants showed him medical articles and elicited his opinions, as if examining an expert

witness. *See id.* at 66–67. In response, plaintiff's counsel showed Dr. Dennis additional documents (including plaintiff's hospital records, which he had not seen before) and elicited Dr. Dennis's opinions, including one on general causation:

Q: And what's your understanding of what ThermoSlim is?

A: ThermoSlim contains an ephedrine based product.

Q: Is that important to you as a physician?

A: Yeah.

Q: Why is that?

A: Well, ephedrine or ephedrine products can increase one's blood pressure, and it can certainly do that in someone who has an underlying history of high blood pressure so then it can ultimately lead to stroke and even hemorrhagic stroke in susceptible people.

*Id.* at 100. On this basis, plaintiff's counsel then elicited the following opinion of Dr. Dennis on case-specific causation:

I think ephedra was a contributing factor ... which led to her stroke.

*Id.* at 127.

When defendants resumed their examination, they explored at length Dr. Dennis's bases for the foregoing opinions. Dr. Dennis answered that he had read about ephedra in recent articles in neurology publications, *id.* at 137, 147; *see also id.* at 30–31, and that he had treated about ten patients who were using ThermoSlim and told them all to stop using it because he thought it might be contributing to their neurologic symptoms, *id.* at 154–55. Defendants' counsel then elicited the testimony that Dr. Dennis could not rule out other possible causes because plaintiff's risk factors (prior stroke, diabetes with consequent atherosclerotic changes, history of high blood pressure, obesity) "in and of themselves which could have led to a stroke," *id.* at 146, 165, and that, because the relationship between high blood pressure and stroke goes both ways—high blood pressure can cause stroke but also a stroke can raise blood pressure—"It's difficult to sort out what happened first." *Id.* at 144. In her pre-trial disclosures, plaintiff listed Dr. Dennis a "non-retained medical expert" who "will testify that ThermoSlim caused and/or contributed to Ms. Stafford's medical condition." Pl. 56.1, Ex. Q. at 2.

▪ Turning first to defendants' summary judgment motions to dismiss as to all defendants, defendants contend that, on the record before the Court, plaintiff has failed to establish causation. Under Texas law, which both sides agree governs this issue here, a plaintiff in a toxic-tort case must establish both general and specific causation. *Allison v. Fire Ins. Exchange,* 98 S.W.3d 227, 239 (Tex.App.2002). Defendants argue that they are entitled to summary judgment because the plaintiff here cannot establish either general or specific causation under the applicable standards.

As to general causation, plaintiff, consistent with the rulings made earlier by this Court, will, if this case goes to trial, seek to satisfy her burden as to general causation by calling one or more of the "generic experts" previously approved by the Court to testify that "ephedra may likely be a contributing cause of stroke in some people," Case Management Order No. 20 ¶ 7(a), and to present the underlying medical data, principles and methods that were disclosed in the corresponding expert reports approved by this Court. Defendants argue that such proof is insufficient because in Texas general causation in toxic tort cases must be proven, they claim, by statistically significant epidemiological studies showing that exposure to the accused substance at least doubled the risk

of the alleged injury—a kind of proof that concededly is not available here. Defendants, however, rely for this view of Texas law on *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706 (Tex.1997), which is inapplicable here.

Specifically, *Havner* involved the allegation that the drug Bendectin caused birth defects. Because there was no obvious reason for why this should be so, the Texas court concluded that nothing short of solid epidemiological proof would suffice to establish causation. By contrast, the view that ephedra is likely to be a contributing cause of stroke in some people follows quite plausibly from the established linkages between ephedra and high blood pressure and between high blood pressure and stroke. Such plausibility of causation materially distinguishes this case from the facially inexplicable correlation between Bendectin use and birth defects addressed in *Havner* and thus renders irrelevant here the extremely high proof of causation required in that case.

■ As for specific causation, Texas permits juries, in appropriate circumstances, to infer specific causation of bodily injury without medical expert testimony. *See, e.g., Byrd v. Delasancha*, 195 S.W.3d 834 (Tex.App.2006). Here, a jury could reasonably infer that plaintiff was consuming a significant dose of ThermoSlim immediately before her stroke from the fact that—after years of persistent obesity— she lost 25 lbs. during the short time between her ordering ThermoSlim from UNC and her stroke. Given the generic testimony of causality that would be presented to the jury, the jury could then reasonably infer that plaintiff's many risk factors put her among the vulnerable subset of ephedra users for whom, according to the generic experts, ephedra may likely cause stroke.

■ In other words, even if the Court were to exclude Dr. Denis's testimony in its entirety, defendants' summary judgment motion on causation would still be denied. The point is somewhat academic, however, for the Court finds admissible under Rule 702, Fed. R. Ev., Dr. Denis's specific causation opinion that "I think ephedra was a contributing factor which led to her stroke." In effect, Dr. Dennis is making the same inference of specific causation that the jury would be permitted to make on this record without his testimony, but he does so in the context of specialized knowledge, training and experience. Unlike the opinion of a non-treating physician or scientist, Dr. Denis's opinion is offered against the background of his intimate knowledge of the plaintiff herself, albeit knowledge obtained through treatment given after the stroke had occurred. His opinion "will assist the trier of fact," Rule 702, because a reasonable juror would want to know what inferences a treating physician would make from the circumstantial evidence before the jury.

Dr. Dennis was independently familiar with much of the "good science" about ephedra that is summarized in the generic experts' reports. In the ordinary course of his neurological practice, he had treated about ten patients who were using ThermoSlim and advised them to quit—without scientific proof, but because his knowledge, training and experience led him to believe that ThermoSlim probably was causing them harm. In other words, the challenged opinion was sufficiently reliable to guide good medical practice outside the courtroom.

It should be remembered that so-called "*Daubert* gatekeeping" became necessary because of the "corrupting influence" of expert witnesses who "are available to render an opinion on almost any theory, regardless of its merit" and are "more than

willing to proffer opinions of dubious value for the proper fee." *E.I. du Pont de Nemours and Co., Inc. v. Robinson,* 923 S.W.2d 549, 553 (Tex.1995) (adopting for Texas state courts the principles set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). In contrast, the circumstances and content of Dr. Dennis's deposition show just the opposite: that he is a neutral expert whose opinion was formed without any monetary inducement and was, indeed, first inquired into by defendants. For all these reasons, the challenged opinion has sufficient indicia of reliability to be admitted under Rule 702.

■ As for defendants' argument that Dr. Dennis's opinion was not adequately disclosed, the facts about Dr. Dennis set forth above show that no report was required by Rule 26(a)(2)(B), Fed. R. Civ. P., because he was not "retained ... to provide expert testimony in the case." Instead, plaintiff's disclosure obligation was governed by Rule 26(a)(2)(A), whose requirements were satisfied by plaintiff's original and amended disclosure of case-specific expert witnesses filed on August 28, 2006 and October 20, 2006. Pl. 56.1 Ex. P, Q.

■ With respect to all other opinions of Dr. Dennis on causation, however, defendants' motion to exclude is granted. In particular, Dr. Dennis may not offer any opinions of his own about the inherent properties of ephedra; instead, he must use as the generic foundation for his above-quoted opinion whatever general-causation testimony has been admitted at trial before he takes the stand. When testifying at trial about the basis of opinion, he shall limit himself to what he actually disclosed in his deposition or likely would have then disclosed in answer to an appropriate question.

■ Turning finally to the issue of personal jurisdiction, defendants do not dispute that the exercise of personal jurisdiction over UNC by the Texas court where this case was originally brought was proper under the due process clause of the U.S. Constitution. They argue, however, that personal jurisdiction over individual defendant Michnal is improper because the corporate veil shields Michnal from the legal consequences of the acts of UNC unless Michnal is the alter ego of UNC, a theory that plaintiff has not pleaded. *See Vosko v. Chase Manhattan Bank, N.A.,* 909 S.W.2d 95, 100 (Tex.App.1995).

Defendants' reliance on the corporate veil is misplaced. The corporate veil shields a shareholder from liability in his capacity as shareholder; but it in no way shields a corporate agent from personal liability for his tortious acts. A "corporation can only act through its agents," *Ebby Halliday Real Estate, Inc. v. Murnan,* 916 S.W.2d 585, 590 (Tex.App.1996), and on this record it appears that Michnal was UNC's *only* agent. Therefore, every act of UNC giving rise to Texas jurisdiction and substantive liability was performed through Michnal. An "actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment." Restatement (Third) of Agency § 7.01 (ALI 2006). *See Guilbeau v. Anderson,* 841 S.W.2d 517, 519 (Tex.App.1992) ("It is the general rule in Texas that corporate agents are individually liable for fraudulent or tortious acts committed while in the service of their corporation.") Accordingly, UNC's contacts with Texas and its acts allegedly constituting products liability and fraud are attributable to Michnal individually.

■ Defendants also argue that Texas' jurisdiction over MTM was improper because MTM's only role was to store, pack-

age and ship ThermoSlim in fulfillment of orders received by UNC. The Court finds in this record a genuine issue to be tried about whether MTM engaged in the tort of distributing an unreasonably dangerous product in Texas. If plaintiff's allegations about MTM are proven at trial, MTM would have distributed ThermoSlim through continuous and systematic shipments into Texas (acts giving rise to "general jurisdiction") and would have shipped to plaintiff in Texas the bottles of ThermoSlim that caused her injury (an act giving rise to "specific jurisdiction"). Thus, although not compelled to do so, a reasonable jury could find facts showing that exercise of personal jurisdiction over Michnal and MTM does not offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

For the forgoing reasons, the Court denies defendants' motion for summary judgment dismissing the complaint for failure to show causation, denies defendants' motion for summary judgment dismissing the complaint as to defendants MTM and Michnal and denies in part and grants in part defendants' motion to exclude the opinions of Wesley Dennis, M.D.

SO ORDERED.