

IN THE
TENTH COURT OF APPEALS

No. 10-07-00236-CV

EVELYN LITTLE,

Appellant

v.

TEXAS DEPT. OF CRIMINAL JUSTICE AND
GARY JOHNSON EXECUTIVE DIRECTOR,

Appellees

From the 278th District Court
Walker County, Texas
Trial Court No. 21,013C

MEMORANDUM  OPINION

Evelyn Little appeals from a directed verdict entered against her in an employment discrimination suit she filed against the Texas Department of Criminal Justice and Gary Johnson, TDCJ's Executive Director.  *See* TEX. LAB. CODE ANN. Ch. 21 (Vernon 2006).  Little contends that she was not hired for employment on multiple occasions by TDCJ due to her disability.  At the close of Little's case-in-chief in a jury trial, the trial court granted a directed verdict against Little and entered a judgment that Little take nothing on her claims against both TDCJ and Johnson.  Because we find that

the trial court did not err by granting the directed verdict and that Little has waived her complaint about the admission of her prior criminal history, we affirm the judgment of the trial court.

*Procedural History Relevant to This Appeal*

Little filed suit against TDCJ, alleging that they had failed to hire her more than twenty times from 1995 to 2002 for employment. The trial court initially granted a motion for summary judgment in favor of TDCJ; however, the summary judgment was eventually reversed by the Texas Supreme Court as to the issue of whether Little was disabled, and by our coordinate Court as to the issue of whether Little had raised a fact question regarding TDCJ's articulated reasons for not hiring Little and pre-text. *See Little v. Tex. Dep't of Crim. Justice*, 148 S.W.3d 374 (Tex. 2004); *Little v. Tex. Dep't of Crim. Justice*, 177 S.W.3d 324 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The cause was remanded to the trial court and a jury trial commenced.

At the close of Little's case-in-chief, TDCJ made a motion for a directed verdict. The trial court granted the motion and discharged the jury. The trial court entered a judgment denying Little's claims with prejudice.

*Directed Verdict*

In reviewing the grant or denial of a directed verdict, we follow the standards for assessing the legal sufficiency of the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 809-28 (Tex. 2005). We must determine whether there is any evidence of probative force to raise a fact issue on the question presented. *Bostrom Seating, Inc. v. Crane Carrier Co.*, 140 S.W.3d 681, 684 (Tex. 2004). We will credit the favorable evidence if reasonable

jurors could and disregard the contrary evidence unless reasonable jurors could not. *City of Keller*, 168 S.W.3d at 827. "A directed verdict is warranted when the evidence is such that no other verdict can be rendered and the moving party is entitled, as a matter of law, to judgment." *Byrd v. Delasancha*, 195 S.W.3d 834, 836 (Tex. App.—Dallas 2006, no pet.). However, if there is any evidence of probative value on any theory of recovery, a directed verdict is improper and the case must be remanded for the jury to determine that issue. *See Szczepanik v. First S. Trust Co.*, 883 S.W.2d 648, 649 (Tex. 1994).

### *Discrimination in Hiring*

In employment discrimination cases that have not been fully tried on the merits, we apply the burden-shifting analysis established by the United States Supreme Court. *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003). When a discrimination case has been fully tried on its merits, however, "we need not parse the evidence into discrete segments corresponding to a prima facie case, an articulation of a legitimate, nondiscriminatory reason for the employer's decision, and a showing of pretext." *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 181 (5th Cir. 1999) (*quoting Travis v. Bd. of Regents*, 122 F.3d 259, 263 (5th Cir. 1997)). We instead, determine whether the evidence is sufficient to support the judgment. *See Rutherford*, 197 F.3d at 180-81; *Canchola*, 121 S.W.3d at 739.

Under Texas Labor Code section 21.051, an employer commits an unlawful employment practice if because of a disability, the employer "fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of

employment." TEX. LAB. CODE ANN. § 21.051(1) (Vernon 2006). The Texas Legislature modeled chapter 21 of the Texas Labor Code after federal law for the express purpose of carrying out the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments. *Id*. § 21.001(1); *Herbert v. City of Forest Hill*, 189 S.W.3d 369, 374 (Tex. App.—Fort Worth 2006, no pet.); *Shear Cuts, Inc. v. Littlejohn*, 141 S.W.3d 264, 269 (Tex. App.—Fort Worth 2004, no pet.). Consequently, when reviewing an issue brought under chapter 21, we may look not only to cases involving the state statute, but also to cases interpreting the analogous federal provisions. *Caballero v. Cent. Power & Light Co.*, 858 S.W.2d 359, 361 (Tex. 1993); *Herbert*, 189 S.W.3d at 374-75; *Shear Cuts, Inc.*, 141 S.W.3d at 269.

In order to establish a prima facie case of discrimination in the context of a denial of an employment position, Little was required to show that (1) she is a member of a protected class, (2) she applied for and was qualified for the position, (3) despite her qualifications, she was rejected, and (4) after she was rejected, the position remained open and the employer continued to seek applicants with her qualifications. *See Romo v. Tex. Dep't of Transp.*, 48 S.W.3d 265, 270 (Tex. App.—San Antonio 2001, no pet.). In order to prove causation, Little must establish that her disability "was a motivating factor for an employment practice, even if other factors also motivated the practice…." TEX. LAB. CODE ANN. § 21.125(a) (Vernon 2006); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 479-80 (Tex. 2001).

Little complains that the evidence demonstrated that the sole witness that she called other than herself testified that he considered her disability in determining if she

would be able to do the job and that he "falsified interpretation of [Little's] job applications." She does not address the prima facie case elements required. Ronald Kelly, a former supervisor with TDCJ, testified that he had been involved with several of Little's applications and interviews. He admitted to noticing her limp and that he considered everything that she had put on her applications because it was necessary for determining who to select. Kelly also testified that he did not consider her disability at all, and was not allowed to inquire about accommodations until she had been selected for the position.

However, Little presented no evidence as to whether the position remained open after her interview and TDCJ continued to seek applicants with her qualifications, or whether the persons who were ultimately hired for the positions for which she applied but was not hired were more or less qualified than she was for the specific position for which she had applied.[1] We find that the trial court did not err by granting the motion for directed verdict and entering judgment against Little. We overrule this issue.

*Admission of Prior Convictions*

Little complains that the trial court erred by admitting evidence of her prior convictions pursuant to rules of evidence 404(b) and 609. *See* TEX. R. EVID. 404(b) & 609. However, she did not object at any time to the trial court about the admissibility of her criminal history and in fact, affirmatively stated that she had no objection to the

---

[1] In her response to the motion for summary judgment filed in this action, Little produced significant substantive evidence of her many attempts to be hired by TDCJ, including documentary and deposition evidence. *See Little v. Tex. Dep't of Crim. Justice*, 148 S.W.3d 374 (Tex. 2004); *Little v. Tex. Dep't of Crim. Justice*, 177 S.W.3d 324 (Tex. App.—Houston [14th Dist.] 2005, no pet.). However, this evidence was not admitted at trial, nor were any of the witnesses called to testify regarding her interviews and qualifications other than Kelly.

evidence.  To preserve error for review, a litigant must object and state the grounds for the ruling sought from the trial court with sufficient specificity to make the court aware of the complaint.  *See* TEX. R. APP. P. 33.1(a)(1)(A).  Because Little made no objection to the trial court, this complaint is not preserved and there is nothing for us to review.  *See id*.  We overrule this issue.

*Conclusion*

We find that the trial court did not err by granting the motion for directed verdict and that the complaint regarding Little's prior convictions was waived.  We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed May 12, 2010
[CV06]